**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EASTSIDE HOLDINGS INC., Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> THE BEAR STEARNS COMPANIES INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR. and ALAN C. GREENBERG <br><br> Defendants. | **CIVIL ACTION NO. 08-CV-2793-RWS** |
| RAZILL C. BECHER, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> THE BEAR STEARNS COMPANIES INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR. and ALAN C. GREENBERG <br><br> Defendants. | **CIVIL ACTION NO. 08-CV-2866-RWS** |

(Caption continued on subsequent page)

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF SICAV INVERSIONES CAMPOS DEL MONTIEL AND SAN ANTONIO FIRE & POLICE PENSION FUND FOR (1) APPOINTMENT AS LEAD PLAINTIFF; (2) APPROVAL OF THEIR SELECTION OF COUNSEL AS LEAD COUNSEL FOR THE CLASS; AND (3) CONSOLIDATION OF ALL RELATED ACTIONS**

0

| | |
|---|---|
| GREEK ORTHODOX ARCHDIOCESE FOUNDATION, by and through GEORGE KERITSIS, TRUSTEE, Individually and On behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES INC., JAMES E. CAYNE, ALAN D. SCHWARTZ and SAMUEL L. MOLINARO, JR.<br><br>Defendants. | **CIVIL ACTION NO. 08-CV-3013-RWS** |

SICAV Inversiones Campos del Montiel ("Campos del Montiel") and the San Antonio Fire & Police Pension Fund ("San Antonio") respectfully submit this memorandum in support of their motion (i) for appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), (ii) for approval of their selection of the law firm of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class, and (iii) for consolidation of all related securities class actions pursuant to Fed. R. Civ. P. 42(a).

## PRELIMINARY STATEMENT

This securities class action lawsuit arises from allegations concerning violations of the federal securities laws by The Bear Stearns Companies, Inc. ("Bear Stearns" or the "Company") and certain of its officers and directors (collectively, "Defendants"). During the period from December 14, 2006 until March 14, 2008 (the "Class Period"), Defendants disseminated materially false and misleading information to investors related to the Company's financial condition and operations, while suppressing or recklessly ignoring information known to them about the Company's finances. Defendants' misstatements artificially inflated the price of Bear Stearns stock and caused substantial damage to investors in Bear Stearns.

Campos del Montiel and San Antonio believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed as Lead Plaintiff for this consolidated action. Campos del Montiel and San Antonio believe that they have the largest financial interest in the relief sought in this action by virtue of the over $10 million they lost on their investments in Bear Stearns as a result of the Defendants'

misconduct.[1]  Campos del Montiel and San Antonio further satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as adequate class representatives with claims typical of the other Class members'.  Further, Campos del Montiel and San Antonio are both institutional investors, favored as Lead Plaintiffs under the PSLRA.

## BACKGROUND OF THE ACTION

Bear Stearns is an investment banking, securities and derivatives trading, clearance and brokerage firm serving corporations, governments, institutional and individual investors worldwide.  Bear Stearns is based in New York City and trades on the New York Stock Exchange under the Symbol "BSC."

Throughout the Class Period, Defendants misrepresented the financial health of the Company by misleading investors regarding Bear Stearns' true risk exposure and risk management, by failing to properly value and account for impaired assets, and by disguising such liabilities in off-balance sheet entities and through other means.  Among other things, Bear Stearns misled investors and artificially inflated its earnings by secretly and improperly disposing of assets it should have consolidated onto its balance sheets in two hedge funds managed by the Company.

The investing public learned the true facts concerning Bear Stearns' financial condition and operations in a series of partial corrective disclosures that culminated in March 2008.  On March 10, 2008, information entered the market about Bear Stearn's liquidity problems, causing the stock to drop to $62.30 per share.  On March 13, 2008,

---

[1] A copy of the Certifications of Campos del Montiel and San Antonio are attached as Exhibits A and B, respectively, to the Declaration of Gerald H. Silk ("Silk Decl."), filed herewith.  As required by the PSLRA, these Certifications set forth the transactions of Campos del Montiel and San Antonio in Bear Stearns securities during the Class Period.  In addition, charts setting forth calculations of Campos del Montiel's and San Antonio's losses are attached as Exhibits C and D, respectively, to the Silk Declaration.

news that Bear Stearns was forced to seek emergency financing from the Federal Reserve and J.P. Morgan Chase & Co. ("J.P. Morgan Chase") entered the market and Bear Stearns stock fell to $30 per share. Then, on Sunday, March 16, 2008, it was announced that J.P. Morgan Chase was purchasing Bear Stearns for a mere $2 per share. As a result, on Monday, March 17, 2008, Bear Stearns stock collapsed to a market close of $4.81 per share.

Securities class actions were filed in the Southern District of New York in the wake of the Company's collapse. The first of these, styled *Eastside Holdings Inc. v. The Bear Stearns Companies Inc., et al.*, was filed on March 17, 2008. As required by the PSLRA, notice of the pendency of this action was published thereafter, alerting investors to the May 16, 2008 deadline for motions seeking appointment as Lead Plaintiff on behalf of Bear Stearns investors.[2]

With the filing of this motion, Campos del Montiel and San Antonio satisfy the statutory deadline to move to be appointed as Lead Plaintiff in this action.

## ARGUMENT

I.   **Campos del Montiel and San Antonio Should Be Appointed Lead Plaintiff**

Campos del Montiel and San Antonio respectfully submit that they should be appointed Lead Plaintiff because they are the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Goldberger v. PXRE Group, Ltd.*, No. 06-CV-3410, 2007 WL

---

[2] The notice is attached as Exhibit E to the Silk Declaration.

3

980417, at *2 (S.D.N.Y. Mar. 30, 2007); *Fishbury Ltd. v. Connetics Corp.*, No. 06-CV-11496, 2006 WL 3711566, at *2 (S.D.N.Y. Dec. 14, 2006); *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 187-89 (S.D.N.Y. 2006); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 97-98 (S.D.N.Y. 2005).

    a.    **Campos del Montiel and San Antonio Believe That They Have The Largest Financial Interest In The Relief Sought By The Class**

Campos del Montiel and San Antonio should be appointed Lead Plaintiff because they have the largest financial interest in the relief sought by the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts generally look to four factors in determining which movant has the largest financial interest in the litigation. These factors are (i) the number of gross shares purchased during the class period; (ii) the number of net shares purchased during the class period; (iii) the total net funds expended during the class period; and (iv) the approximate losses suffered. *See, e.g., Fishbury*, 2006 WL 3711566, at *2; *Glauser*, 236 F.R.D. at 187; *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. at 100; *see also Goldberger*, 2007 WL 980417, at *3 (discussing factors). In light of each of these factors, Campos del Montiel and San Antonio believe that they have the largest financial interest in the outcome of this lawsuit.

Campos del Montiel and San Antonio purchased 86,700 shares of Bear Stearns on a gross basis during the Class Period. During the same period, Campos del Montiel and San Antonio sold only none of these shares, and had net purchases of 86,700 shares as a result. In addition, Campos del Montiel and San Antonio had total net expenditures of $10,836,422.60. As a result of the market corrections caused by revelation of Bear Stearns' misconduct, Campos del Montiel and San Antonio lost approximately

4

$10,092,110.00 on this investment. The magnitude of Campos del Montiel's and San Antonio's financial interest in this litigation can be summarized as follows:

| Factor | Position |
|---|---|
| **Gross Purchases:** | 86,700 shares |
| **Net Purchases:** | 86,700 shares |
| **Net Expenditures:** | $10,836,422.60 |
| **Approximate Loss:** | $10,092,110.00 |

Accordingly, Campos del Montiel and San Antonio believe that they have the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

### b. Campos del Montiel and San Antonio Otherwise Satisfy the Requirements of Rule 23

Campos del Montiel and San Antonio should be appointed Lead Plaintiff because they also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as Lead Plaintiff, the movant "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *Glauser*, 236 F.R.D. at 188 (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998)); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. at 102 (same). Campos del Montiel and San Antonio unquestionably satisfy both requirements in this case.

Campos del Montiel's and San Antonio's claim is typical of the claims of other Class members. "Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002). Campos del Montiel's and San Antonio's claims in this action arise from the very same course of misconduct at Bear Stearns as the claims of the other Class members—*i.e.*, the artificial inflation and consequent market correction of Bear Stearns stock caused by defendants' fraudulent public disclosures. *See, e.g.*, *Glauser*, 236 F.R.D. at 188-89 (finding a Lead Plaintiff

5

movant's claim to be typical where the movant "like all class members, (1) purchased or acquired EVCI securities during the proposed class period, (2) at prices allegedly artificially inflated by Defendants' false and misleading statements and/or omissions, and (3) suffered damages thereby."); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. at 102 (finding a Lead Plaintiff movant's claim to be typical where "[m]embers of the class claim to have been injured by a fraudulent inflation of eSpeed's stock price" and the movant "makes the same claim.").

Campos del Montiel and San Antonio likewise satisfy the adequacy requirement of Rule 23. The adequacy requirement is satisfied where "the class members' interests are not antagonistic to one another;" the movant "has a sufficient interest in the outcome of the case to ensure vigorous advocacy," and where "class counsel is qualified, experienced, and generally able to conduct the litigation." *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. at 121. Campos del Montiel and San Antonio satisfy each of these elements of the adequacy requirement. Campos del Montiel and San Antonio are adequate to represent the Class because their interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. Indeed, Campos del Montiel and San Antonio seek identical relief on identical claims based on identical legal theories. There are, furthermore, no facts suggesting that any actual or potential conflict of interest or other antagonism exists between Campos del Montiel and San Antonio and other Class members.

## II. The Court Should Approve Campos del Montiel's and San Antonio's Selection Of Lead Counsel

The Court should approve Campos del Montiel's and San Antonio's choice of the law firm of Bernstein Litowitz to serve as Lead Counsel. Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, codified at 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is to select and retain Lead Counsel to represent the Class, subject to Court approval. Campos del Montiel and San Antonio have selected and retained the law firm of Bernstein Litowitz.

Bernstein Litowitz is among the preeminent securities class action law firms in the country, having been appointed sole or co-lead counsel in numerous complex securities class actions in this District and around the country.[3] Bernstein Litowitz served as co-lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-CV-3288 (DLC) (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the class. Other cases in which Bernstein Litowitz has been recognized as an appropriate lead or co-lead counsel since the passage of the PSLRA, include, for example, *In re Refco, Inc. Securities Litigation*, No. 05 Civ. 8626 (S.D.N.Y.) and *In re Nortel Networks Corp. Securities Litigation*, No. 05-MD-1659 (S.D.N.Y.).

Accordingly, the Court should approve Campos del Montiel's and San Antonio's selection of Bernstein Litowitz as Lead Counsel for the Class.

---

[3] Bernstein Litowitz's Firm Biography attached as Exhibit F to the Silk Decl.

### III.  The Related Actions Should Be Consolidated

There are at least three securities class action complaints pending in the Southern District of New York on behalf of investors in Bear Stearns securities:

| Case Number | Abbreviated Case Name | Date Filed |
|---|---|---|
| 08-CV-2793 | *Eastside Holdings Inc. v. The Bear Stearns Companies Inc., et al.* | March 17, 2008 |
| 08-CV-2866 | *Becher v. The Bear Stearns Companies Inc., et al.* | March 18, 2008 |
| 08-CV-3013 | *Greek Orthodox Archdiocese Foundation v. The Bear Stearns Companies Inc., et al.* | March 24, 2008 |

All of these actions present virtually identical factual and legal issues, as they all arise out of the same alleged misstatements regarding the financial condition of Bear Stearns.  Accordingly, consolidation is appropriate here.  *See, e.g., Goldberger*, 2007 U.S. Dist. LEXIS 23925, at *5-6 ("In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced.") (quoting *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001)).

## CONCLUSION

For the foregoing reasons, Campos del Montiel and San Antonio respectfully request that the Court: (i) appoint Campos del Montiel and San Antonio as Lead Plaintiff pursuant to the PSLRA; (ii) approve Campos del Montiel's and San Antonio's selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the Class; (iii) consolidate all related actions; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: May 16, 2008               Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

/s/ Gerald H. Silk
Gerald H. Silk (GS-4565)
Noam Mandel (NM-0203)
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
(212) 554-1400

*Counsel for SICAV Inversiones Campos del Montiel and the San Antonio Fire & Police Pension Fund*