## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x
EASTSIDE HOLDINGS INC., Individually and :
on Behalf of All Others Similarly Situated, :  Electronically Filed
                                    :
                       Plaintiff, :
            v. :  Civil Action No.: 1:08-cv-02793 (RWS)
                                      :  (ECF Case)
THE BEAR STEARNS COMPANIES INC., :
JAMES E. CAYNE, ALAN D. SCHWARTZ, :  Hon. Robert W. Sweet
WARREN J. SPECTOR, SAMUEL L. :
MOLINARO, JR. and ALAN C. GREENBERG, :
                                      :
                     Defendants. :
——————————————————————— x

*(Additional Captions on the Following Page)*

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
## OF THE STATE OF MICHIGAN RETIREMENT SYSTEMS
## FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF
## AND APPROVAL OF SELECTION OF LEAD COUNSEL

——————————————————————— x

RAZILL C. BECHER, Individually and on Behalf :
of All Others Similarly Situated,                               :    Electronically Filed
                                                                             :
                                          Plaintiff,                  :
                                                                             :
                       v.                                               :    Civil Action No.: 1:08-CV-02866 (RWS)
                                                                             :    (ECF Case)
THE BEAR STEARNS COMPANIES INC.,          :
JAMES E. CAYNE, ALAN D. SCHWARTZ,       :    Hon. Robert W. Sweet
WARREN J. SPECTOR, SAMUEL L.                 :
MOLINARO, JR. and ALAN C. GREENBERG, :
                                                                             :
                                     Defendants.               :
——————————————————————— x
GREEK ORTHODOX ARCHDIOCESE               :
FOUNDATION, by and through GEORGE          :
KERITSIS, TRUSTEE, Individually and On       :    Electronically Filed
Behalf of All Others Similarly Situated,             :
                                                                             :
                                          Plaintiff,                  :    Civil Action No. 1:08-CV-03013 (RWS)
                       v.                                               :    (ECF Case)
                                                                             :
THE BEAR STEARNS COMPANIES INC.,          :    Hon. Robert W. Sweet
JAMES E. CAYNE, ALAN D. SCHWARTZ,       :
WARREN J. SPECTOR, and SAMUEL L.         :
MOLINARO, JR.,                                               :
                                                                             :
                                     Defendants.               :
——————————————————————— x

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS ............................................................................................... 4

ARGUMENT ..................................................................................................................... 6

    I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED ....................... 6

    II.    THE SMRS SHOULD BE APPOINTED LEAD PLAINTIFF ........................ 6

        A.   The Procedural Requirements Pursuant to the PSLRA .............................. 6

        B.   The SMRS is the "Most Adequate Plaintiff" ............................................. 8

           1.   The SMRS Has Made a Timely Motion for
                Appointment as Lead Plaintiff ............................................................ 8

           2.   The SMRS Has the Largest Financial Interest...................................... 8

           3.   The SMRS Otherwise Satisfies Rule 23 .............................................. 9

                (a)   The SMRS Fulfills the Typicality Requirement ....................... 10

                (b)   The SMRS Fulfills the Adequacy Requirement ....................... 11

           4.   The SMRS is the Prototypical Lead Plaintiff
                Envisioned by the PSLRA ................................................................ 11

    III.   THE COURT SHOULD APPROVE THE SMRS' CHOICE
        OF COUNSEL ............................................................................................ 12

CONCLUSION............................................................................................................... 14

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Aronson v. McKesson HBOC, Inc.*,
  79 F. Supp. 2d 1146 (N.D. Cal. 1999) ................................................................. 6, 8

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ................................................................................ 12

*Constance Sczesny Trust v. KPMG  LLP*,
  223 F.R.D. 319 (S.D.N.Y. 2004) ...................................................................... 3, 10

*Glauser v. EVCI Career Colleges Holding Corp.*,
  236 F.R.D. 184 (S.D.N.Y. 2006) ...................................................................... 8, 10

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2nd Cir. 1990) ............................................................................. 6

*Montoya v. Mamma.com Inc.*,
  No. 05 Civ. 2313(HB), 2005 WL 1278097 (S.D.N.Y. May 31, 2005) .................. 2, 8

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ....................................................................... 3

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ........................................................................... 10

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*,
  229 F.R.D. 395 (S.D.N.Y. May 27, 2004) ............................................................ 11

*In re Waste Mgmt., Inc. Sec. Litig.*,
  128 F. Supp. 2d 401 (S.D. Tex. 2000) ................................................................. 13

*Weiss v. Friedman, Billings, Ramsey Group, Inc.*,
  No. 05-cv-04617 (RJH), 2006 WL 197036 (S.D.N.Y Jan. 25, 2006) ..................... 12

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) ........................................................................... 6

## DOCKETED CASES

*In re Monster Worldwide, Inc. Sec. Litig.*,
  No. 07-cv-2237 (S.D.N.Y. filed Mar. 15, 2007) ................................................... 13

*In re Philip Servs. Corp. Sec. Litig.,*
    98-cv-835 (AKH) (S.D.N.Y. filed Feb. 5, 1998) .................................................................13

*In re Symbol Techs., Inc. Litig.,*
    No. 02-CV-1383 (LDW) (E.D.N.Y. filed Mar. 5, 2002) .......................................................13

*In re WorldCom, Inc. Sec. Litig.,*
    No. 02-cv-3288 (S.D.N.Y. filed Apr. 30, 2002)...................................................................14

In re *Xerox Sec. Litig.,*
    No. 00-cv-1621 (D. Conn. filed Aug. 24, 2000) .................................................................14

## STATUTES

15 U.S.C. § 78u-4(a)(3) ..............................................................................................................7

15 U.S.C. § 78u-4(a)(3)(A) .........................................................................................................7

15 U.S.C. § 78u-4(a)(3)(A)(i) ......................................................................................................7

15 U.S.C. § 78u-4(a)(3)(B) ......................................................................................................7, 9

15 U.S.C. § 78u-4(a)(3)(B)(i) ...................................................................................................2, 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .............................................................................................2, 8

Fed. R. Civ. P. 23(a) ...................................................................................................................9

Fed. R. Civ. P. 23(a)(4)..............................................................................................................10

## MISCELLANEOUS

H.R. Rep. No. 104-369 (1995),
    *as reprinted in* 1995 U.S.C.C.A.N. 730 ...............................................................................11

The State Treasurer of the State of Michigan, Custodian of the Michigan Public School Employees Retirement System, State Employees' Retirement System, Michigan State Police Retirement System, and Michigan Judges Retirement System (the "State of Michigan Retirement Systems" or "SMRS")[1] respectfully submits this Memorandum of Law in support of its motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an order: (i) consolidating the related actions; (ii) appointing the SMRS as lead plaintiff of a class of purchasers of the securities of The Bear Stearns Companies, Inc. ("Bear Stearns" or the "Company"); and (iii) approving SMRS's selection of Labaton Sucharow LLP ("Labaton Sucharow") and Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio") as lead counsel for the Class.

## PRELIMINARY STATEMENT

This case alleges that Bear Stearns and certain of its officers and directors (collectively, "Defendants") violated the federal securities laws by issuing materially false and misleading statements concerning the Company's financial condition and the risks associated with the Company's investments in collateralized debt obligations. The above-captioned actions ("Actions") are brought on behalf of all persons and entities who

---

[1] The SMRS is administered and managed by the Treasury Department for the State of Michigan. The Office of Michigan Attorney General Mike Cox will directly oversee the prosecution of this action and the Department of Treasury will also be actively involved in the prosecution of this action on behalf of the SMRS.

purchased or otherwise acquired the securities of Bear Stearns between December 14, 2006, and March 14, 2008, inclusive (the "Class Period").[2]

Pursuant to Fed. R. Civ. P. 42(a), the Actions should be consolidated because they share numerous issues of fact and law and name the same defendants. Pursuant to the PSLRA, after consolidating the Actions, this Court should appoint the "most adequate plaintiff" to serve as Lead Plaintiff in the action. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court should determine, among other things, which movant has the "largest financial interest" in the relief sought by the Class in this litigation and has made a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Cases from the Second Circuit determine the "largest financial interest" utilizing four factors: (1) the number of shares of the subject securities purchased; (2) the net number of securities purchased (offsetting the total number purchased by the total number sold); (3) the net funds expended by the movant to acquire those securities; and (4) the approximate losses suffered by the movant. *See, e.g., Montoya v. Mamma.com Inc.*, No. 05 Civ. 2313(HB), 2005 WL 1278097, at *1 (S.D.N.Y. May 31, 2005);

---

[2]    That is the longest class period, alleged in two of the three actions, *Eastside Holdings Inc. v. The Bear Stearns Co. Inc.*, No. 08-cv-02793 (filed Mar. 17, 2008), and *Becher v. The Bear Stearns Co. Inc.*, No. 08-cv-02866 (filed Mar. 18, 2008). The third action, *Greek Orthodox Archdiocese Foundation v. The Bear Stearns Co. Inc.*, No. 08-cv-03013 (filed Mar. 25, 2008), alleges a shorter class period of March 12, 2008 through March 14, 2008. As is customary, the SMRS utilizes the longest class period for purposes of calculating its financial interest. After it is appointed, the Lead Plaintiff will reconcile the different class periods upon filing an amended complaint.

*Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).[3]

The SMRS meets the lead plaintiff requirements because it has the financial interest and meets the adequacy and typicality elements of Fed. R. Civ. P. 23. The SMRS purchased 494,600 shares of Bear Stearns common stock and sold 11,600 during the Class Period (making net purchases of 483,000 shares), expended $66,722,179 in net funds to acquire those securities, and suffered losses of $62,011,274 on a last-in, first-out ("LIFO") basis and $62,970,356 on a first-in, first-out ("FIFO") basis. *See* Certification and Loss Analysis, Exs. A and B to the accompanying Declaration of Andrei V. Rado ("Rado Decl."). The SMRS is not aware of any other class member that has filed an action or filed an application for appointment as lead plaintiff that has sustained greater financial losses.

In addition, the SMRS satisfies the adequacy and typicality requirements of Rule 23 because it is a sophisticated institutional investor who stands in the shoes of all other class members and is ready and able to spearhead this litigation in the best interests of the class. Indeed, the PSLRA's legislative history shows that the SMRS is precisely the type of sophisticated institutional investor whose participation in securities class action the PSLRA was meant to foster. In short, the SMRS is the "most adequate plaintiff" and should be appointed lead plaintiff.

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiff shall select and retain counsel to represent the class, subject to court approval. The SMRS' selection of Labaton

---

[3]     *Olsten* is one of the earliest, and most cited, cases setting forth these four factors, which are commonly referred to as "*Olsten* factors."

Sucharow and Berman DeValerio as lead counsel should be approved because each of these firms has successfully litigated securities class actions for decades.

## STATEMENT OF FACTS

Until March 2008, Bear Stearns was one of Wall Street's largest investment banks. Through its broker-dealer and international bank subsidiaries, Bear Stearns provides investment banking, securities and derivatives trading, clearance, and brokerage services worldwide. Bear Stearns' principal offices are in this District, and its securities trade on the New York Stock Exchange under the ticker symbol "BSC".

Over the Class Period, Bear Stearns stock went from $160 per share to $2.84, a low reached after the Company had to be rescued from collapse by the Federal Reserve, and then was offered a buyout at $2 per share by JP Morgan Chase, subsequently raised to $10 per share.

The actions allege that Bear Stearns' Class Period statements to investors, made in press releases, conference calls and SEC filings, were materially false and misleading because they failed to disclose the following facts:

(a) the Company's asset-backed securities materially overvalued asset-backed securities held on the Company's books;

(b) defendants failed to fully disclose the risks associated with the investments underlying its asset-backed securities;

(c) defendants falsely comforted the market regarding the Company's exposure to subprime and other asset-backed securities at a time when the market was concerned about such investments; and

(d)    defendants dispelled market concerns regarding the Company's liquidity without any basis.

During the Class Period, Bear Stearns executives reassured investors that although the Company had suffered setbacks, the situation was being managed well and that the worst of it was behind the Company.

On Monday, March 10, 2008, Bear Stearns stock came under pressure in response to rumors regarding the adequacy of its liquidity. CEO Alan Schwartz discredited these rumors in statements made on March 12, 2008 on cable channel CNBC, stating that "We have tried to confront and dispel these rumors and parse fact from fiction," and "Our balance sheet has not weakened at all. We don't see any pressure on our liquidity."

On Friday, March 14, 2008, Bear Stearns had to be bailed out with temporary financing by the U.S. Federal Reserve, with JP Morgan Chase acting as a conduit. That same day Bear Stearns was considering exploring a strategic combination with JP Morgan Chase. Bear Stearns stock collapsed by 47% on the news, from a close of $57 per share on March 13, to a close of $30 on March 14, on huge volume. Schwartz blamed the liquidity shortfall on outflows (*i.e.*, a "run on the bank") that purportedly occurred on March 13, 2008.

On Sunday evening, March 16, 2008, it was announced that JP Morgan Chase offered to buy Bear Stearns for $2 per share, which caused its stock price to fall from $30 per share to low of $2.80 per share on Monday. The deal consideration was raised to $10 per share after a week of significant media and shareholder uproar over the paltry sum and threats by major shareholders to oppose the deal. Bear Stearns' stock price is currently trading in the $10-11 per share range.

## ARGUMENT

### I.        THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact.  *See Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999).  The Court has broad discretion under this Rule to consolidate cases pending within its District.  *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  Courts recognize that class action shareholder suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned.  *See Id.* at 1285; *Aronson*, 79 F. Supp. 2d at 1150.

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues.  Each alleges the same violations of federal securities laws, and is based on the same wrongful course of conduct, namely Defendants' representations regarding Bear Stearns' asset-backed securities and liquidity.  Each names the Company and the same individuals as defendants.  Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions.  Accordingly, consolidation under Rule 42(a) is appropriate.

### II.       THE SMRS SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.        The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3).  First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  The plaintiff which filed the complaint in this Action published a notice on *Business Wire* on March 17, 2008.  *See* Notice, Rado Decl., Ex. C.  This notice indicated that applications for appointment as lead plaintiff were to be made no later than May 16, 2008.  Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action.  15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
>> (aa)  has either filed the complaint or made a motion in response to a notice . . .
>>
>> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>>
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Glauser v. EVCI Career Colleges Holding Corp.*, 236

F.R.D. 184, 187 (S.D.N.Y. 2006).

      **B.**      **The SMRS is the "Most Adequate Plaintiff"**

            **1.**      **The SMRS Has Made a Timely**
                       **Motion for Appointment as Lead Plaintiff**

Pursuant to the provisions of the PSLRA and within the requisite time frame after

publication of the notice, the SMRS timely moves this Court to be appointed lead

plaintiff on behalf of all plaintiffs and class members covered by the Action and any

other actions deemed related by this Court.

            **2.**      **The SMRS Has the Largest Financial Interest**

As noted above, the analysis central to identifying the movant with the largest

financial interest focuses on a four-part test: (1) the number of shares purchased; (2) the

number of net shares purchased; (3) the total net funds expended by the plaintiffs during

the class period; and (4) the approximate losses suffered by the plaintiffs.  *See Montoya*,

2005 WL 1278097, at *1.  "These factors are useful, because they look to relatively

objective indicators, such as number of shares purchased or sold, rather than to the

ultimate question of damages."  *Aronson*, 79 F. Supp. 2d at 1158.

Based upon these factors, the SMRS believes it has the largest financial interest in

this litigation.

**Net Shares Purchased**:  Net shares purchased equals the number of shares

purchased less the number of shares sold during the class period.  The SMRS is a net

purchaser of Bear Stearns shares because it bought 494,600 shares during the Class

Period and sold 11,600 (for a total of 483,000 net shares purchased).  *See* Certification

and Loss Analysis, Rado Decl., Exs. A and B.

**Net Funds Expended**:  The net funds expended on the subject securities during the Class Period equals the difference between the total funds spent to purchase those securities and the funds received from sales of those securities.  The SMRS expended $66,722,179 in net funds to purchase Bear Stearns stock during the Class Period.  *See* Certification and Loss Analysis, Rado Decl., Exs. A and B.

**Approximate Losses:**  The SMRS suffered total losses of $62,011,274 when calculated using the LIFO method, and $62,970,356 when calculated using the FIFO method.  *See* Certification and Loss Analysis, Rado Decl., Exs. A and B.

In sum, the SMRS believes it has the largest financial interest and should be appointed lead plaintiff in this Action.

### 3.    The SMRS Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two– typicality and adequacy– directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the

typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also Constance Sczesny Trust*, 223 F.R.D. at 323-24 (same). As detailed below, the SMRS satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

(a) <u>The SMRS Fulfills the Typicality Requirement</u>

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists "where the claims of the Lead Plaintiff arise from the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and Lead Plaintiff were injured by the same conduct." *Glauser*, 236 F.R.D at 188-89. However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality. *See Constance Sczensy Trust*, 223 F.R.D. at 325.

The SMRS seeks to represent a class of purchasers of Bear Stearns securities which have identical, non-competing and non-conflicting interests. The SMRS satisfies the typicality requirement because it: (1) purchased or acquired Bear Stearns securities during the Class Period at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (2) suffered damages when the truth was disclosed to the market. *See Glauser*, 236 F.R.D. at 189 (discussing typicality requirement). Thus, the SMRS claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

(b)      **The SMRS Fulfills the Adequacy Requirement**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  In order to meet the adequacy requirement, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation."  *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 413 (S.D.N.Y. 2004) (Sweet, J.).  The SMRS' interests in this Action are perfectly aligned with the interests of absent class members, and Labaton Sucharow and Berman DeValerio, its selected lead counsel, have decades of experience in effectively prosecuting securities class actions.  Accordingly, the Court can be assured that the SMRS and its selected counsel will more than adequately protect the interests of absent class members.

4.      **The SMRS is the Prototypical
Lead Plaintiff Envisioned by the PSLRA**

In addition to satisfying the requirements of Rule 23, the SMRS is precisely the type of large, sophisticated institutional investor – the prototypical lead plaintiff – envisioned by the framers of the PSLRA.  As noted by Congress in the Statement of Managers, the PSLRA was enacted "to increase the likelihood that institutional investors will serve as lead plaintiff," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."  H.R. Rep. No. 104-369, at 34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733.

11

The SMRS serves the working and retired public servants of four SMRS systems: the Public School Employees Retirement System; the State Employees' Retirement System; the State Police Retirement System; and the Judges Retirement System.  The beneficiaries of the SMRS total 563,576 people and include one out of every eighteen Michigan citizens.  Within these systems, four defined benefit pension plans and two defined contribution pension plans are administered with combined assets of nearly $64 billion, making the SMRS the fourteenth largest public pension system in the U.S., the twentieth largest pension system in the U.S., and the thirty-ninth largest pension system in the world. In 2006, the SMRS paid out $4.6 billion in pension and health benefits.

The SMRS is a sophisticated institutional investor with vast resources sufficient to adequately litigate this action and supervise class counsel.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that the legislative intent behind enacting the PSLRA was to encourage large institutional investors to serve as lead plaintiff); *see also Weiss  v. Friedman, Billings, Ramsey Group, Inc.,* No. 05-cv-04617 (RJH), 2006 WL 197036, at *1 (S.D.N.Y Jan. 25, 2006) (same).  The Office of the Attorney General of the State of Michigan, in addition to the Michigan Department of Treasury, will be actively involved in overseeing the prosecution of this litigation on behalf of the SMRS and the Class.  Thus, as demonstrated above, the SMRS is the prototypical lead plaintiff under the PSLRA.

III.    **THE COURT SHOULD APPROVE THE SMRS' CHOICE OF COUNSEL**

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class.  *See Id.* at *5.  Labaton Sucharow has had a leading role in numerous important actions on behalf of defrauded

investors.  Labaton Sucharow served as lead counsel in the Waste Management securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at that time.  *See* Labaton Sucharow Firm Resume, Rado Decl., Ex. D; *see also In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions").  Also, Labaton Sucharow is currently serving as lead or co-lead counsel in the securities fraud cases against American International Group, HealthSouth, Countrywide, Amgen, and others.  In *In re Monster Worldwide, Inc. Sec. Litig.*, No. 07-cv-2237 (S.D.N.Y. filed Mar. 15, 2007), Judge Rakoff appointed Labaton Sucharow as lead counsel, stating that "the Labaton firm is very well known to [] courts for the excellence of its representation." (*Id.,* Hr'g Tr. 24:25-25:1, June 14, 2007.)

Berman DeValerio is also among the top firms in the nation representing plaintiffs in securities class action litigation.  *See, e.g.*, Berman DeValerio's Firm Resume, Rado Decl., Ex. E.  The firm provides representation for some 60 public and Taft-Hartley pension funds, including three of the five largest pension funds in the nation.  Berman DeValerio was appointed by former Chief Judge Mukasey as a lead counsel in *In re Philip Services Corp. Sec. Litig.,* 98-cv-835 (AKH) (S.D.N.Y. filed Feb. 5, 1998).  In awarding attorneys' fees, Judge Hellerstein (who was assigned the case after Judge Mukasey left the bench) wrote that the firm "did [its] work efficiently, with minimal duplication and maximum effectiveness."  *Id*., slip. op. at 4 (Mar. 28, 2007).  The Firm was appointed as co-lead counsel by Judge Wexler in *In re Symbol Technologies, Inc. Litig.*, No. 02-cv-1383 (LDW) (E.D.N.Y. filed Mar. 5, 2002), a securities class action in

which settlements totaling approximately $163 million were reached.  Berman DeValerio also represented the court-appointed bondholder representatives in *In re WorldCom, Inc. Sec. Litig.*, No. 02-cv-3288 (S.D.N.Y. filed Apr. 30, 2002).  Most recently, Berman DeValerio served as a Lead Counsel in *In re Xerox Sec. Litig.*, No. 00-cv-1621 (D. Conn. filed Aug. 24, 2000), in which a $750 million settlement has been reached and is pending final approval.

## CONCLUSION

For the foregoing reasons, the SMRS respectfully request that the Court: (i) consolidate the related actions; (ii) appoint the SMRS as lead plaintiff; and (iii) approve Labaton Sucharow LLP and Berman DeValerio Pease Tabacco Burt & Pucillo as Lead Counsel for the Class.

Dated: May 16, 2008                          Respectfully submitted,


**BERMAN DeVALERIO TABACCO**          **LABATON SUCHAROW LLP**
**BURT & PUCILLO**


By:_ */s/ Joseph J. Tabacco, Jr.* _          By: _ */s/ Thomas A. Dubbs* _____

Joseph J. Tabacco, Jr. (JJT-1994)          Thomas A. Dubbs (TD-9868)
Julie J. Bai                                Christopher J. Keller (CK-2347)
425 California Street                       Andrei V. Rado (AR-3724)
Suite 2100                                  Alan I. Ellman (AE-7347)
San Francisco, California 94104             140 Broadway
Telephone:    (415) 433-3200                New York, New York 10005
Facsimile:    (415) 433-6382                Telephone:    (212) 907-0700
                                            Facsimile:    (212) 818-0477


Jeffrey C. Block (JCB-0387)
Patrick T. Egan
One Liberty Square
Boston, Massachusetts 02109
Telephone:    (617) 542-8300
Facsimile:    (617) 542-1194


*Attorneys for the State of Michigan Retirement Systems*
*and Proposed Lead Counsel for the Class*