UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTSIDE HOLDINGS, INC., Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>              v.<br><br>THE BEAR STEARNS COMPANIES INC., *et al.*,<br><br>              Defendants. | No. 08-cv-2793 (RWS) |
| RAZILL C. BECHER, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>              v.<br><br>THE BEAR STEARNS COMPANIES INC., *et al.*,<br><br>              Defendants. | No. 08-cv-2866 (RWS) |
| GREEK ORTHODOX ARCHDIOCESE FOUNDATION, by and through GEORGE KERITSIS, TRUSTEE, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>              v.<br><br>THE BEAR STEARNS COMPANIES INC., *et al.*,<br><br>              Defendants. | No. 08-cv-3013 (RWS) |
| SAMUEL T. COHEN and JEROME BIRN, on Behalf of Themselves and All Others Similarly Situated and Derivatively on Behalf of THE BEAR STEARNS COMPANIES, INC.,<br><br>              Plaintiffs,<br><br>              v.<br><br>THE BEAR STEARNS COMPANIES INC., *et al.*,<br><br>              Defendants. | No. 07-cv-10453 (RWS) |

**DEFENDANTS' RESPONSE TO MOTIONS TO CONSOLIDATE THE RELATED ACTIONS, APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
212-373-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTSIDE HOLDINGS, INC., Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>THE BEAR STEARNS COMPANIES INC., *et al.*,<br><br>                Defendants. | No. 08-cv-2793 (RWS) |
| RAZILL C. BECHER, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>THE BEAR STEARNS COMPANIES INC., *et al.*,<br><br>                Defendants. | No. 08-cv-2866 (RWS) |
| GREEK ORTHODOX ARCHDIOCESE FOUNDATION, by and through GEORGE KERITSIS, TRUSTEE, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>THE BEAR STEARNS COMPANIES INC., *et al.*,<br><br>                Defendants. | No. 08-cv-3013 (RWS) |
| SAMUEL T. COHEN and JEROME BIRN, on Behalf of Themselves and All Others Similarly Situated and Derivatively on Behalf of THE BEAR STEARNS COMPANIES, INC.,<br><br>              Plaintiffs,<br><br>    v.<br><br>THE BEAR STEARNS COMPANIES INC., *et al.*,<br><br>                Defendants. | No. 07-cv-10453 (RWS) |

**DEFENDANTS' RESPONSE TO MOTIONS TO CONSOLIDATE
THE RELATED ACTIONS, APPOINT LEAD PLAINTIFF AND
<u>APPROVE LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL</u>**

Defendant The Bear Stearns Companies Inc. ("Bear Stearns"), on behalf of all defendants in the above-captioned actions (together, "defendants"), respectfully submits this response to certain aspects of the motions filed by several shareholders to consolidate the purported federal securities class actions pending against defendants, appoint lead plaintiff and approve lead plaintiff's selection of lead counsel.

On May 16, 2008, four shareholder groups moved for appointment as lead plaintiff and lead counsel in one or more of the above-captioned purported federal securities class actions pending before this Court. While defendants take no position at this stage concerning the appointment of lead plaintiff and lead counsel,[1] we agree with the three shareholder groups that seek consolidation of the pending federal securities class actions.[2] As SICAV, Michigan and Massachusetts acknowledge, consolidation is proper here, where the cases to be consolidated involve the same underlying factual and legal issues. Defendants therefore respectfully request that all pending purported federal securities class actions against them arising out of the March 2008 near collapse of Bear Stearns and the events leading up to it be

---

[1] Defendants, however, reserve the right to oppose any motion, on any grounds including but not limited to those related to the choice of lead plaintiff or lead counsel (*e.g.*, on the grounds of adequacy, typicality, or the existence of special defenses), that relates to class certification here, and to take discovery regarding class issues. *See, e.g., Weltz v. Lee*, 199 F.R.D. 129, 133-34 (S.D.N.Y. 2001) (appointing lead plaintiffs and lead counsel, without precluding any party from contesting class certification).

[2] SICAV Inversiones Campos del Montiel and San Antonio Fire & Police Pension Fund ("SICAV") moved for consolidation of "all related securities class actions pursuant to Fed. R. Civ. P. 42(a)" — specifically naming *Eastside, Becher,* and *Greek Orthodox.* (SICAV Mem. of Law at 2.) State of Michigan Retirement Systems ("Michigan") also moved for consolidation of *Eastside, Becher* and *Greek Orthodox.* (Michigan Mem. of Law at 6.) Massachusetts Pension Reserves Investment Trust Fund ("Massachusetts") moved for consolidation specifically of *Eastside* and *Becher,* and any other cases filed subsequent to their motion. (Massachusetts Mem. of Law at 3.) These three shareholder groups also apparently would support the consolidation of any additional purported class actions arising out of the March 2008 near collapse of Bear Stearns and the events leading up to it.

consolidated. These actions include: *Eastside Holdings Inc.*, 08-cv-2793; *Becher*, 08-cv-2866; *Greek Orthodox Archdiocese Foundation*, 08-cv-3013; and *Cohen*, 07-cv-10453.[3] As these cases all raise similar allegations and involve the same factual underpinnings, consolidation would promote the interests of the parties and the court and the just and efficient litigation of these matters.

The Second Circuit has recognized that Rule 42(a) of the Federal Rules of Civil Procedure empowers this Court to consolidate actions "when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." *Id.* These considerations have made consolidation common in federal securities class actions. *Pinkowitz v. Elan Corp., PLC*, 2002 WL 1822118, *2 (S.D.N.Y. July 29, 2002). Specifically, where multiple class actions are "predicated on defendants' purported misstatements and omissions (which allegedly resulted in inflated earnings and revenue) and the effect of such conduct on the price of [Company] stock when the conduct came to light," consolidation is appropriate. *Id.; see also Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced.").

---

[3] Although the *Cohen* action was not mentioned in the motions to appoint lead plaintiff, defendants respectfully submit that *Cohen* should be consolidated with the other listed matters. The operative *Cohen* complaint, filed on April 10, 2008, styles the action as a "hybrid shareholder derivative class action" and purports to bring claims on behalf of a class of investors in Bear Stearns, as well as on behalf of the company, arising from the same factual circumstances as *Eastside Holdings*, *Becher*, and *Greek Orthodox*. (*Cohen* Second Amended Comp. ¶ 1.)

Defendants agree with SICAV, Michigan, and Massachusetts that the pending federal securities actions arise from the same underlying set of facts and present similar legal issues concerning alleged misstatements or omissions by defendants. "It is well recognized that consolidation of stockholders' suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs." *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998) (quoting *Waldman v. Electrospace Corp.*, 68 F.R.D. 281, 286 (S.D.N.Y. 1975)). Further, where defendants favor consolidation and do not claim that they will be prejudiced, a court's conclusion that consolidation is appropriate is further reinforced. *Id.*

The sole potential lead plaintiff objecting to consolidation, Greek Orthodox Archdiocese Foundation ("Archdiocese"), does not deny that its action involves facts in common with the other pending actions. In fact, it implicitly notes that the cases involve the same underlying factual underpinnings in stating that the cases all "arise out of the collapse of Bear Stearns in March 2008." (Archdiocese Mem. of Law at 2.) Archdiocese's objections rather rest entirely on the fact that its action involves a more restricted purported class period—a mere three days—than the other actions. This, by itself, is not a sufficient basis to prevent consolidation. *Pinkowitz*, 2002 WL 1822118, at *3 ("While particular plaintiffs may disagree on the precise confines of the relevant class period, these differences also do not preclude consolidation.") (citing *Skwortz v. Crayfish Co., Ltd.*, 2001 WL 1160745, *2 (S.D.N.Y. Sept. 28, 2001)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 293 (overruling plaintiff's objections to consolidation based on differing class periods where, regardless of how the different actions were classified, the alleged misstatements raised common questions of law and fact, including "whether the defendants violated federal securities laws and whether the defendants' statements to the

investing public misrepresented or omitted to state material facts about the business, operations, and compliance of [the Company]"). There is no requirement that actions be identical in order for them to be good and appropriate candidates for consolidation. *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 293 ("the facts and legal issues need not be identical to warrant consolidation"); *see also Werner*, 797 F. Supp. at 1210-12 (recognizing that consolidation should not be denied merely because one complaint contains a number of different causes of action not included in another where there is at least some measure of overlap); *Pinkowitz*, 2002 WL 1822118, at *4 ("Although the various class actions . . . do exhibit certain differences, they involve many common questions of fact and law and the differences which do exist do not outweigh the interests of judicial economy which would be served by consolidation."); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. Jan. 24, 2008) (holding that consolidation was appropriate because "the complaints are largely overlapping and raise common questions of law and fact," even though the court acknowledged there were differences in the facts, legal issues and defendants involved in the different actions).

As a practical matter, *Greek Orthodox's* limited class period can be easily accommodated within a consolidated class action. If it is appropriate to treat class members differently based on when they purchased stock, the court can consider whether that can be accomplished by designating subclasses within the case, and, if necessary, appointing different co-lead plaintiffs to accommodate distinct concerns.[4] This is an option explicitly recognized by

---

[4] It is worth noting that not only is *Greek Orthodox's* supposed distinct class period encompassed by the more expansive class periods, but the purported class members in the *Greek Orthodox* action are not so differently situated than their peers in the other actions. The purported class members of *Greek Orthodox* purchased Bear Stearns stock in the March 12-14, 2008 time period. There are members of other purported classes who purchased stock at least as late as March 11, 2008. (*See, e.g.*, Exhibit 3 to Decl. of Joseph R. Seidman in

Archdiocese in its moving papers. (Archdiocese Mem. of Law at 3.) Moreover, the filing of a consolidated complaint does not preclude separating the claims into different counts so as to differentiate the claims made by different subclasses of plaintiff. For these reasons and others, Archdiocese's objections to consolidation are unconvincing.

Archdiocese's arguments that it will be "burdened with extraneous issues and unnecessary discovery disputes if it is consolidated with the other actions" (Archdiocese Mem. of Law at 7) do not overcome a presumption in favor of consolidation. "So long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Primavera Familienstiftung* v. *Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). To the contrary, confusion and prejudice is more likely to affect a greater number of parties and to a larger degree in the *absence* of consolidation. Separate actions would likely foster battles between separate lead counsel regarding discovery and a host of other pretrial issues. To allow these actions to proceed separately would most certainly result in numerous inefficiencies, waste of judicial resources, and duplicative discovery.

## Conclusion

While defendants take no position at this stage on the various requests for appointment as lead plaintiff and lead counsel, we respectfully request that all pending federal securities cases against defendants be consolidated.

---

Support of Massachusetts's Motion; Exhibit B to Decl. of Gerald H. Silk in Support of SICAV's Motion.)

Dated: June 2, 2008
New York, New York

        PAUL, WEISS, RIFKIND, WHARTON &
        GARRISON LLP


        By: /s/ _____
            Brad S. Karp (bkarp@paulweiss.com)
            Eric S. Goldstein (egoldstein@paulweiss.com)
            Daniel J. Toal (dtoal@paulweiss.com)
            Jonathan Hurwitz (jhurwitz@paulweiss.com)

        1285 Avenue of the Americas
        New York, New York 10019-6064
        Tel. (212) 373-3000
        Fax (212) 757-3980

        CADWALADER, WICKERSHAM & TAFT LLP
        Gregory A. Markel
        Ronit Setton
        One World Financial Center
        New York, NY 10281
        Tel. (212) 504-6000
        Fax (212) 504-6666

        *Attorneys for Defendant The Bear Stearns Companies Inc. and Michael Minikes*


        KRAMER LEVIN NAFTALIS & FRANKEL LLP


        By: /s/ _____
            Barry H. Berke (bberke@kramerlevin.com)
            David S. Frankel (dfrankel@kramerlevin.com)

        1177 Avenue of the Americas
        New York, New York 10036
        Tel. (212) 715-9100
        Fax (212) 715-8000

        *Attorneys for Defendant James E. Cayne*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


By: /s/
    Jay Kasner (jay.kasner@skadden.com)
    Susan Saltzstein (susan.saltzstein@skadden.com)

4 Times Square
New York, New York  10036-6522
Tel.  (212) 735-3000
Fax  (212) 735-2000

*Attorneys for Defendant Alan D. Schwartz*


SIMPSON THACHER & BARTLETT LLP


By: /s/
    Michael Chepiga (mchepiga@stblaw.com)

425 Lexington Avenue
New York, New York  10017
Tel.  (212) 455-2000
Fax  (212) 455-2502

*Attorneys for Defendant Samuel L. Molinaro, Jr.*


SCHULTE ROTH & ZABEL LLP


By: /s/
    Alan Glickman (alan.glickman@srz.com)

919 Third Avenue
New York, New York  10022
Tel.  (212) 756-2000
Fax  (212) 593-5955

*Attorneys for Defendant Alan C. Greenberg*

WACHTELL, LIPTON, ROSEN & KATZ

By: /s/
    Lawrence B. Pedowitz (LBPedowitz@wlrk.com)
    David B. Anders (DBAnders@wlrk.com)

51 West 52nd Street
New York, New York  10019
Tel.   (212) 403-1000
Fax    (212) 403-2000

*Attorneys for Defendant Warren J. Spector*


WILLKIE FARR & GALLAGHER LLP

By: /s/
    Michael R. Young (myoung@willkie.com)
    Antonio Yanez (ayanez@willkie.com)

787 Seventh Avenue
New York, New York  10019-6099
Tel.   (212) 728-8000
Fax    (212) 728-8111

*Attorneys for Defendant Jeffrey M. Farber*


SHEARMAN & STERLING LLP

By: /s/
    Steven F. Molo (smolo@shearman.com)

599 Lexington Avenue
New York, New York  10022
Tel.   (212) 848-4000
Fax    (646) 848-7456

*Attorneys for Defendant Jeffrey Mayer*

GIBSON, DUNN & CRUTCHER LLP

By: /s/
Randy M. Mastro (rmastro@gibsondunn.com)
Robert F. Serio (rserio@gibsondunn.com)

200 Park Avenue
New York, New York 10166
Tel.   (212) 351-4000
Fax   (212) 351-4035

*Attorneys for Defendants Henry Bienen, Carl D. Glickman, Michael Goldstein, Donald J. Harrington, Frank T. Nickell, Paul A. Novelly, Frederic V. Salerno, Vincent Tese, and Wesley S. Williams, Jr.*

Filed on behalf of The Bear Stearns Companies Inc., James E. Cayne, Alan D. Schwartz, Samuel L. Molinaro, Jr., Alan C. Greenberg, Warren J. Spector, Jeffrey M. Farber, Jeffrey Mayer, Michael Minikes, Henry Bienen, Carl D. Glickman, Michael Goldstein, Donald J. Harrington, Frank T. Nickell, Paul A. Novelly, Frederic V. Salerno, Vincent Tese, and Wesley S. Williams, Jr. upon consent.

AFFIDAVIT OF SERVICE BY FEDERAL EXPRESS

STATE OF NEW YORK    )
                     )   ss.:
COUNTY OF NEW YORK   )

Ella A. Capone, being duly sworn, deposes and says:

1. I am not a party to this action, am over 18 years of age and am employed by Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019.

2. On June 2, 2008, I served true copies of the foregoing: DEFENDANTS' RESPONSE TO MOTIONS TO CONSOLIDATE THE RELATED ACTIONS, APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL on the following:

Darren J. Robbins
David C. Walton
Coughlin, Stoia, Geller, Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

David Avi Rosenfeld
Coughlin, Stoia, Geller, Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY 11747

Jack Gerald Fruchter
Abraham, Fruchter & Twersky LLP
One Penn Plaza, Suite 2805
New York, NY 10119

Debbie R. Gross
The Law Office of Bernard M. Gross, P.C.
1515 Locust Street, 2nd Floor
Philadelphia, PA 19102

David A.P. Brower
Elizabeth Ann Schmid
Brower Piven
488 Madison Avenue
New York, NY 10022

Jeffrey Paul Fink
Robbins Umeda & Fink, LLP
610 West Ash Street, Suite 1800
San Diego, CA 92101

George C. Aguilar
The Law Office of George C. Aguilar
610 West Ash Street, Suite 1800
San Diego, CA 92101

Willian Bernard Federman
Federman & Sherwood
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73102

Gerald Harlan Silk
Bernstein, Litowitz, Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019

Joseph R. Seiderman
Bernstein, Liebhard & Lifshitz, LLP
10 East 40th Street
New York, NY 10016

James W. Johnson
Thomas A. Dubbs
Javier Bleichmar
Labaton Sucharow, LLP
140 Broadway
New York, NY 10005

3. I made such service by placing a true copy of the aforementioned document in properly addressed prepaid wrappers and delivering them to a Federal Express office for Priority Overnight Delivery.

*Ella Capone*

Ella A. Capone
Process-Server License Number: 1278814

Sworn to before me this

2nd day of June, 2008

_____
Notary Public

AUSTIN KWAME WILKINSON
Notary Public, State of New York
No. 01WI5051848
Qualified in Kings County
Certificate Filed in New York County
Commission Expires Nov. 13, 2009