UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――― x
EASTSIDE HOLDINGS INC., Individually and   :
on Behalf of All Others Similarly Situated, : Electronically Filed
                                            :
                    Plaintiff,              :
         v.                                 : Civil Action No.: 1:08-cv-02793 (RWS)
                                            : (ECF Case)
THE BEAR STEARNS COMPANIES INC.,           :
JAMES E. CAYNE, ALAN D. SCHWARTZ,          : Hon. Robert W. Sweet
WARREN J. SPECTOR, SAMUEL L.                :
MOLINARO, JR. and ALAN C. GREENBERG,       :
                                            :
                    Defendants.             :
―――――――――――――――――――――――――― x

*(Additional Captions on the Following Page)*


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE
MOTION OF THE STATE OF MICHIGAN RETIREMENT SYSTEMS
FOR CONSOLIDATION OF ALL RELATED ACTIONS, APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL AND FOR
<u>INCLUSION OF ADDITIONAL ACTION IN CONSOLIDATION</u>**

———————————————————————— x
RAZILL C. BECHER, Individually and on Behalf : 
of All Others Similarly Situated,           : Electronically Filed
                                            :
             Plaintiff,                     :
     v.                                     : Civil Action No.: 1:08-CV-02866 (RWS)
                                            : (ECF Case)
THE BEAR STEARNS COMPANIES INC.,            :
JAMES E. CAYNE, ALAN D. SCHWARTZ,           : Hon. Robert W. Sweet
WARREN J. SPECTOR, SAMUEL L.                :
MOLINARO, JR. and ALAN C. GREENBERG,        :
                                            :
             Defendants.                    :
———————————————————————— x
GREEK ORTHODOX ARCHDIOCESE                  :
FOUNDATION, by and through GEORGE           :
KERITSIS, TRUSTEE, Individually and On      : Electronically Filed
Behalf of All Others Similarly Situated,    :
                                            :
             Plaintiff,                     : Civil Action No. 1:08-CV-03013 (RWS)
     v.                                     : (ECF Case)
                                            :
THE BEAR STEARNS COMPANIES INC.,            : Hon. Robert W. Sweet
JAMES E. CAYNE, ALAN D. SCHWARTZ,           :
WARREN J. SPECTOR, and SAMUEL L.            :
MOLINARO, JR.,                              :
                                            :
             Defendants.                    :
———————————————————————— x
GILLES BRANSBOURG, Individually and On      :
Behalf of All Others Similarly Situated,    :
                                            : Electronically Filed
             Plaintiff,                     :
     v.                                     :
                                            : Civil Action No. 1:08-CV-05054 (UA)
THE BEAR STEARNS COMPANIES INC.,            : (ECF Case)
JAMES E. CAYNE, ALAN D. SCHWARTZ,           :
WARREN J. SPECTOR, and SAMUEL L.            :
MOLINARO, JR.,                              :
                                            :
             Defendants.                    :
———————————————————————— x

The State Treasurer of the State of Michigan, Custodian of the Michigan Public School Employees Retirement System, State Employees' Retirement System, Michigan State Police Retirement System, and Michigan Judges Retirement System (the "State of Michigan Retirement Systems" or "SMRS") respectfully submits this memorandum in reply to the reply papers filed by Greek Orthodox Archdiocese ("Greek Orthodox") in support of its motion for appointment as lead plaintiff in a separate action alleging a three day class period.

In addition, SMRS also seeks to include in its pending motion to consolidate, pursuant to Fed. R. Civ. P. 42(a), the most recent Bear Stearns securities class action, filed on June 2, 2008 (subsequent to the filing of SMRS' motion to consolidate), captioned *Bransbourg v. The Bear Stearns Cos. Inc.*, No. 08-cv-5054 (S.D.N.Y. filed June 2, 2008) (the "*Bransbourg* Action"). The *Bransbourg* Action alleges that the same defendants named in the three other actions violated Sections 10(b) and 20(a) of the Exchange Act of 1934 by issuing the same misrepresentations as are alleged in the other three actions. There is a substantial overlap in the allegations of all of the above-captioned actions and, accordingly, they should be consolidated pursuant to Rule 42. Under the PSLRA, SMRS should be appointed as lead plaintiff over the consolidated action and its selection of lead counsel should be appointed as lead counsel over the consolidated action.

## ARGUMENT

### POINT I

**SMRS CAN ADEQUATELY PROTECT THE INTERESTS OF GREEK ORTHODOX AND OTHER PURCHASERS IN THE THREE DAY CLASS PERIOD**

Of the three other lead plaintiff movants, only Greek Orthodox, with a loss of $2.7 million, opposes the motion of SMRS, which has a loss of $62.9 million. The other movants, PRIM, with a loss of $21 million, and San Antonio and Campos del Montiel, with combined

losses of $10.2 million, have not opposed SMRS' motion, presumably because they recognize that application of the PSLRA's lead plaintiff provisions mandates the appointment of SMRS.

Greek Orthodox did not file an opposition brief. Instead, in a reply brief, it repeats its argument that there should be carved out from the main action a separate three day class period which should proceed separately from the other actions with the longer, and inclusive, class period. Greek Orthodox further contends that it should be appointed lead plaintiff over that separate action, or as co-lead plaintiff for a subclass of March 12-14, 2008 purchasers. It cites no statutory, federal rule of civil procedure, or case law authority in support of its argument.

Greek Orthodox's position is that it would like to represent Bear Stearns stock purchasers who purchased after Bear Stearns CEO Schwartz made a statement on March 12, 2008 in further support of the overall scheme to mislead investors. In other words, Greek Orthodox wishes to pick out a single alleged misrepresentation and carve out a "niche" class of plaintiffs to represent.

This "niche" argument has been fully addressed in SMRS' opposition brief. In short, SMRS is adequate and typical of all class members, including those who purchased Bear Stearns stock between March 12-14, 2008. Pursuant to the PSLRA, Greek Orthodox must present "proof" that SMRS "(aa) will not fairly and adequately protect the interest of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Greek Orthodox offers no such proof and none exists.

Instead of proof, Greek Orthodox merely states that SMRS did not purchase stock between March 12-14, 2008. However, there is no rule that a lead plaintiff must purchase stock in connection with every statement in the class period. In any event, SMRS, which held 575,183

2

shares of Bear Stearns stock through the end of the class period(s), has every incentive to prove the falsity of the statements made in the three last three days in order to establish that Bear Stearns stock continued to be inflated until the March 14, 2008 corrective disclosure that ended the class period.

As for the largest financial interest requirement, the PSLRA states that the lead plaintiff must have the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The class is defined as purchasers of Bear Stearns securities between December 14, 2006 to March 12, 2008 and SMRS unquestionably has the largest financial interest. There is no rule requiring that the lead plaintiff must have the largest financial interest with respect to every statement within the class period.

Finally, Greek Orthodox states that the other complaints do not allege the same misstatements as the other actions. As demonstrated in SMRS' reply, all of the actions are substantially similar, rely on similar facts and representations, involve largely overlapping defendants and raise identical legal claims. The substantial similarity among the actions means that the Rule 42(a) requirements for consolidation are readily met and that SMRS' claims are typical of the claims of all class members. SMRS is a sophisticated institutional investor with $62 million at stake in this litigation and is represented by counsel with decades of experience in securities class actions. There is no reason to doubt that SMRS will adequately protect the interest of all class members, much less evidence that it will not. While SMRS is confident that it will meet any level of scrutiny, at this stage of the litigation, it need only make a "preliminary showing" that it meets the adequacy and typicality requirements of Rule 23. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 404

3

(S.D.N.Y. 2004) (Sweet, J.)[1] It has made that showing and its motion should be granted in its entirety.

## POINT II

### THE BRANSBOURG COMPLAINT SHOULD BE CONSOLIDATED WITH THE OTHER BEAR STEARNS SECURITIES CLASS ACTIONS

The *Bransbourg* Action, filed on June 2, 2008, is brought on behalf of persons who received restricted stock units and/or capital accumulation plan units issued to current and former Bear Stearns employees pursuant to the Company's Restricted Stock Unit Plan between December 14, 2006 and March 14, 2008 (the same class period alleged in the Eastside Holdings and Becher actions). As alleged in that complaint, these securities, upon vesting, entitles the holder to "an equivalent number of shares of Bear Stearns **common stock**." *Bransbourg* Action at ¶ 1 (emphasis added). Like the other actions, the *Bransbourg* Action alleges that the same defendants violated Sections 10 and 20(a) of the Securities Act of 1934 by misrepresenting Bear Stearns' exposure to asset backed securities and the adequacy of Bear Stearns' liquidity, which inflated Bear Stearns' common stock and damaged purchasers of the common stock when the price of the common stock declined. *Compare* Bransbourg Action at ¶ 70, 82 *with* Eastside Holdings action at ¶ 50, 52-58.

Accordingly, the above-captioned actions share many common issues of fact and law and should be consolidated pursuant to Fed. R. Civ. P. 42(a) (consolidation is appropriate when "actions before the court involve a common question of law or fact.")

After the actions are consolidated, SMRS should be appointed lead plaintiff over the consolidated action and its choice of counsel should be appointed lead counsel over the

---

[1] SMRS, which, contrary to Greek Orthodox's contention, has not yet filed a complaint in this litigation, intends to include, in the consolidated complaint that will become the operative complaint in the action, the statements Greek Orthodox states are not in the other complaints.

4

consolidated action. Purchasers of the securities identified in the *Bransbourg* Action do not require a separate lead plaintiff because, as discussed in SMRS' lead plaintiff opposition brief, a single lead plaintiff can represent purchasers of many securities, not only the ones it purchased. *See e.g. Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150-51 (N.D. Cal. 1999) (consolidating Securities Act and Exchange Act claims brought on behalf of purchasers of debt and equity securities, respectively); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 451 (S.D. Tex. 2002) ("[R]equests for splintering the action or appointing multiple Lead Plaintiffs to represent specialized interests, especially in light of the common facts and legal issues here, would undermine the purpose of the PSLRA. Therefore the Court denies the motions of the 'Niche Plaintiffs' and addresses the remaining applications.")

The *Bransbourg* Action, in the section of the complaint titled "Loss Causation/ Economic Loss," alleges only that the damage done was to the common stock; there is no allegation that the plaintiff is seeking compensation for the decline in the value of the restricted units themselves. *See Bransbourg* Action at ¶¶ 72-78. Similarly, in ¶ 82, which is the last paragraph under the Section 10(b) count, Bransbourg alleges that "**Plaintiff and the class have suffered damages in that, in reliance on the integrity of the market, they paid artificially inflated prices for Bear Stearns common stock**." (emphasis added). Accordingly, the allegations relating to the restricted units are incidental, if not irrelevant, to the theory of liability. The theory of liability pled in the *Bransbourg* Action is that defendants violated Section 10(b) of the Exchange Act by issuing false statements that artificially inflated the price of Bear Stearns stock, which injured purchasers of the common stock (such as Bransbourg himself) when corrective disclosure(s) caused the price of the common stock to decline. *See id*.

Accordingly, there can be no argument that there is a conflict between persons who received the units and then purchased common stock and purchasers of the common stock who did not receive the units, and no manageability issues will be presented from having a single class of Bear Stearns securities purchasers that includes purchasers of common stock and purchasers of common stock who received the restricted units.[2] Accordingly, a subclass for the persons who received the units would not be justified.[3]

## CONCLUSION

For all the above reasons, SMRS respectfully requests that the Court consolidate all of the above-captioned actions, appoint SMRS as lead plaintiff over the consolidated action and approve its selection of lead counsel.

Dated: June 11, 2008                                    Respectfully submitted,

**BERMAN DeVALERIO TABACCO**                            **LABATON SUCHAROW LLP**
**BURT & PUCILLO**

By: /s/ Joseph J. Tabacco, Jr.                          By: /s/ Thomas A. Dubbs

Joseph J. Tabacco, Jr. (JJT-1994)                       Thomas A. Dubbs (TD-9868)
Julie J. Bai                                            Christopher J. Keller (CK-2347)
425 California Street                                   Andrei V. Rado (AR-3724)
Suite 2100                                              Alan I. Ellman (AE-7347)
San Francisco, California 94104                         140 Broadway
Telephone:   (415) 433-3200                             New York, New York 10005
Facsimile:   (415) 433-6382                             Telephone:   (212) 907-0700
                                                        Facsimile:   (212) 818-0477

---

[2] In *In re Blech Sec. Litig.*, 187 F.R.D. 97 (S.D.N.Y. 1999) (Sweet, J), subclasses were created because certain alleged frauds took place in the primary market, while others took place in the secondary market. As this Court noted in that decision, "[n]o interrelationship is alleged between the manipulations of primary market and that of the secondary market." *Id.* at 105. Here, there is a relationship between the units and common stock.

[3] The issue of subclasses is, in any event, premature at this stage of the litigation. *See In re Star Gas Sec. Litig.*, 04-1766, 2005 WL 818617, at *7 (D. Conn. Apr. 8, 2005) ("The ruling on a motion for class certification will determine whether in fact the claims of Star Gas purchasers in the various class periods [] require subclasses, or whether each lead plaintiff is representative of the class based on the dates of stock purchases.")

Jeffrey C. Block (JCB-0387)
Patrick T. Egan
One Liberty Square
Boston, Massachusetts 02109
Telephone:    (617) 542-8300
Facsimile:    (617) 542-1194

*Attorneys for the State of Michigan Retirement Systems
and Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────────────── x
EASTSIDE HOLDINGS INC., Individually and  :
on Behalf of All Others Similarly Situated, : Electronically Filed
                                          :
                              Plaintiff,  :
           v.                             : Civil Action No.: 1:08-cv-02793 (RWS)
                                          : (ECF Case)
THE BEAR STEARNS COMPANIES INC.,          :
JAMES E. CAYNE, ALAN D. SCHWARTZ,         :  Hon. Robert W. Sweet
WARREN J. SPECTOR, SAMUEL L.              :
MOLINARO, JR. and ALAN C. GREENBERG,      :
                                          :
                              Defendants. :
─────────────────────────────────────── x

*(Additional Captions on the Following Page)*

**CERTIFICATE OF SERVICE**

|  |  |
|---|---|
| ─────────────────────────────────── x | |
| RAZILL C. BECHER, Individually and on Behalf of All Others Similarly Situated, | : : Electronically Filed : |
| Plaintiff, | : |
| v. | : Civil Action No.: 1:08-CV-02866 (RWS) : (ECF Case) |
| THE BEAR STEARNS COMPANIES INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR. and ALAN C. GREENBERG, | : : Hon. Robert W. Sweet : : |
| Defendants. | : : |
| ─────────────────────────────────── x | |
| GREEK ORTHODOX ARCHDIOCESE FOUNDATION, by and through GEORGE KERITSIS, TRUSTEE, Individually and On Behalf of All Others Similarly Situated, | : : : Electronically Filed : : |
| Plaintiff, | : Civil Action No. 1:08-CV-03013 (RWS) |
| v. | : (ECF Case) : |
| THE BEAR STEARNS COMPANIES INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, and SAMUEL L. MOLINARO, JR., | : Hon. Robert W. Sweet : : : |
| Defendants. | : : |
| ─────────────────────────────────── x | |
| GILLES BRANSBOURG, Individually and On Behalf of All Others Similarly Situated, | : : : Electronically Filed |
| Plaintiff, | : : |
| v. | : : Civil Action No. 1:08-CV-05054 (UA) |
| THE BEAR STEARNS COMPANIES INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, and SAMUEL L. MOLINARO, JR., | : (ECF Case) : : : |
| Defendants. | : : |
| ─────────────────────────────────── x | |

I, Thomas A. Dubbs, hereby certify, that on June 11, 2008, I electronically filed true and correct copies of the foregoing documents:

- Reply Memorandum of Law in Further Support of the Motion of the State of Michigan Retirement Systems for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel and for Inclusion of Additional Action in Consolidation

with the Clerk of the Court using the ECF system which will send notification to the following:

sd@lerachlaw.com, drosenfeld@csgrr.com, jfruchter@fruchtertwersky.com,

dfrankel@kramerlevin.com, jsaks@kramerlevin.com, ssinaiko@kramerlevin.com,

ssaltzst@skadden.com, jkasner@skadden.com, christopher.giampapa@srz.com,

alan.glickman@srz.com, gary.stein@srz.com, egoldstein@paulweiss.com,

jhurwitz@paulweiss.com, bkarp@paulweiss.com, dtoal@paulweiss.com,

jerry@blbglaw.com, seidman@bernlieb.com, brower@browerpiven.com,

brown@whafh.com, krasner@whafh.com, nespole@whafh.com,

jbleichmar@labaton.com, and jjohnson@labaton.com.

I also hereby certify that I have caused true and correct copies of the foregoing documents to be served via U.S. mail to the following:

William Bernard Federman
Federman & Sherwood
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73102

Debbie R. Gross
The Law Office of Bernard M. Gross, P.C.
1515 Locust Street
2nd Floor
Philadelphia, PA 19102

Malcolm Todd Brown
Daniel W. Krasner
Gregory Mark Nespole
Wolf Haldenstein Adler Freeman & Herz
270 Madison Avenue
New York, NY 10016

David C. Walton
Coughlin, Stoia, Geller, Rudman & Robbins, L.L.P.
655 W. Broadway
Suite 1900
San Diego, CA 92101-3301

                                                  /s/ *Thomas A. Dubbs*
                                                  Thomas A. Dubbs (TD-9868)