UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTSIDE HOLDINGS, INC., Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>THE BEAR STEARNS COMPANIES INC., *et al.*,<br><br>      Defendants. | No. 08-cv-2793 (RWS) |

*(Caption continued on following page)*


**DEFENDANTS' RESPONSE TO PLAINTIFF BRANSBOURG'S OPPOSITION TO THE STATE OF MICHIGAN RETIREMENT SYSTEMS' MOTION FOR CONSOLIDATION**

| | |
|---|---|
| RAZILL C. BECHER,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>                    Plaintiff,<br><br>                    v.<br><br>THE BEAR STEARNS COMPANIES INC., *et al.*,<br>                    Defendants. | No. 08-cv-2866 (RWS) |
| GREEK ORTHODOX ARCHDIOCESE<br>FOUNDATION, by and through GEORGE<br>KERITSIS, TRUSTEE, Individually and on<br>Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>                    v.<br><br>THE BEAR STEARNS COMPANIES INC., *et al.*,<br>                    Defendants. | No. 08-cv-3013 (RWS) |
| SAMUEL T. COHEN and JEROME BIRN, on Behalf<br>of Themselves and All Others Similarly Situated and<br>Derivatively on Behalf of THE BEAR STEARNS<br>COMPANIES, INC.,<br><br>                    Plaintiffs,<br><br>                    v.<br><br>THE BEAR STEARNS COMPANIES INC., *et al.*,<br>                    Defendants. | No. 07-cv-10453 (RWS) |
| FREDERICK S. SCHWARTZ, Individually and on<br>Behalf of All Other Similarly Situated Persons,<br><br>                  Plaintiffs,<br><br>                  v.<br><br>THE BEAR STEARNS COMPANIES INC., *et al.*,<br>                  Defendants. | No. 08-cv-4972 (RWS) |
| GILLES BRANSBOURG, Individually and on Behalf<br>of All Others Similarly Situated,<br><br>                  Plaintiffs,<br><br>                  v.<br><br>THE BEAR STEARNS COMPANIES INC., *et al.*,<br>                  Defendants. | No. 08-cv-5054 (RWS) |

Defendant The Bear Stearns Companies LLC ("Bear Stearns"), on behalf of all defendants in the above-captioned actions (together, "defendants"), respectfully submits this response to plaintiff Bransbourg's opposition to the motion filed by the State of Michigan Retirement Systems ("SMRS") to consolidate *Bransbourg* v. *The Bear Stearns Cos. Inc.*, No. 08-cv-05054, and *Schwartz* v. *The Bear Stearns Cos.*, No. 08-cv-04972, with the other related actions pending against defendants in this jurisdiction,[1] and in further support of SMRS's motion for consolidation.

*Bransbourg* and *Schwartz* were filed on June 2, 2008, and May 29, 2008, respectively, after various shareholder groups, including SMRS, filed motions for consolidation and appointment of lead plaintiff and lead counsel on May 16, 2008, in one or more of the related actions pending before this Court. Pursuant to the Court's June 19, 2008 order that the parties confer on a briefing schedule for SMRS's motion to consolidate *Bransbourg* and *Schwartz* with the other related actions, SMRS submitted a motion to consolidate on July 8, 2008, and Bransbourg submitted his opposition on July 18. Because Schwartz did not submit any opposition to SMRS's motion, defendants' response focuses on Bransbourg's opposition.

As defendants stated in their response to the earlier motions for consolidation and appointment of lead plaintiff and lead counsel, although they take no position at this stage concerning the appointment of lead plaintiff and lead counsel, they support consolidation of the pending related actions, including *Bransbourg* and *Schwartz*, all of which involve common questions of law and fact. Accordingly, defendants respectfully request that the Court consolidate these actions with the other pending related actions in this jurisdiction.

---

[1] These actions are *Eastside Holdings Inc.*, 08-cv-2793; *Becher*, 08-cv-2866; *Greek Orthodox Archdiocese Foundation*, 08-cv-3013; and *Cohen*, 07-cv-10453.

3

The Second Circuit has recognized that "when there are common questions of law or fact," so as "to avoid unnecessary costs or delay," Rule 42(a) of the Federal Rules of Civil Procedure empowers courts, in their discretion, to consolidate actions. *Johnson* v. *Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). With respect to federal securities actions in particular, consolidation is appropriate where multiple class actions are "predicated on the defendants' purported misstatements and omissions (which allegedly resulted in inflated earnings and revenue) and the effect of such conduct on the price of [company] stock when the conduct came to light." *Pinkowitz* v. *Elan Corp., PLC*, 2002 WL 1822118, at *2 (S.D.N.Y. July 29, 2002). The advantages to consolidation in this context are significant: "It is well recognized that consolidation of stockholders' suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs." *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998) (quoting *Waldman* v. *Electrospace Corp.*, 68 F.R.D. 281, 283 (S.D.N.Y. 1975)).

Bransbourg concedes that "the same course of conduct gave rise to both" *Bransbourg* and the other pending related actions. (Opp'n at 7.) Not only do these cases all share common factual underpinnings, they also involve the same causes of action and many of the same defendants. The substantial overlap in the facts, law, and defendants counsels in favor of consolidation, which will promote the interests of the parties and the just and efficient litigation of these cases.

Bransbourg's arguments to the contrary are unavailing.

*First*, although Bransbourg conclusorily states that it will be prejudiced by consolidation with the other related actions, it can point to no prejudice that it would sustain as the result of consolidation. The "conflicts" on which Bransbourg spends the majority of its

4

opposition—for instance, purportedly unique defenses concerning reliance (Opp'n at 5), and purportedly unique burdens of proof (Opp'n at 8-9)—are not issues relevant to the question of whether *Bransbourg* and *Schwartz* should be consolidated with the other pending related actions. Instead, Bransbourg's opposition focuses not on consolidation, but rather on the different issue of determination of lead plaintiff. (*See* Opp'n at 3-10.) Further, it bears noting that the purported conflicts identified by Bransbourg may never materialize and in any event need not be decided now.

*Second*, just because the purported class in *Bransbourg* holds shares—or has vested rights to shares—of Bear Stearns stock as compensation, instead of purchasing that stock in the open market, that does not preclude consolidation. The fact remains that the *Bransbourg* plaintiffs' claims are based upon the same operative facts as the claims of the plaintiffs in the other pending actions, and thus consolidation is appropriate here. (*See* Opening Br. at 4-5); *see also In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 451 (S.D. Tex. 2002) (rejecting arguments by holders of differentiated securities seeking separate classes and lead counsel in favor of "a unified class" to encourage "diligent and efficient prosecution of the causes of action"); *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 480 (D.N.J. 1998) (refusing to appoint separate lead plaintiffs and counsel for separate groups of investors since "what matters here is that the claims of every member or constituent group of the putative class arise from the same false or allegedly fraudulent representations of [the defendants]").

**Conclusion**

Based on the foregoing, defendants respectfully request that *Bransbourg* and *Schwartz* be consolidated with all pending related actions against defendants in this Court.

Dated: July 25, 2008
New York, New York

                      PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

                      By:     /s/
                           Brad S. Karp (bkarp@paulweiss.com)
                           Eric S. Goldstein (egoldstein@paulweiss.com)
                           Daniel J. Toal (dtoal@paulweiss.com)
                           Jonathan Hurwitz (jhurwitz@paulweiss.com)

1285 Avenue of the Americas
New York, New York  10019-6064
Tel.   (212) 373-3000
Fax    (212) 757-3980

CADWALADER, WICKERSHAM & TAFT LLP
Gregory A. Markel
Ronit Setton
One World Financial Center
New York, NY 10281
Tel.   (212) 504-6000
Fax    (212) 504-6666

*Attorneys for Defendant The Bear Stearns Companies LLC and Michael Minikes*

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By:     /s/
        Barry H. Berke (bberke@kramerlevin.com)
        David S. Frankel (dfrankel@kramerlevin.com)

1177 Avenue of the Americas
New York, New York  10036
Tel.   (212) 715-9100
Fax    (212) 715-8000

*Attorneys for Defendant James E. Cayne*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/
    Jay Kasner (jay.kasner@skadden.com)
    Susan Saltzstein (susan.saltzstein@skadden.com)

4 Times Square
New York, New York  10036-6522
Tel.  (212) 735-3000
Fax  (212) 735-2000

*Attorneys for Defendant Alan D. Schwartz*

SIMPSON THACHER & BARTLETT LLP

By: /s/
    Michael Chepiga (mchepiga@stblaw.com)

425 Lexington Avenue
New York, New York  10017
Tel.  (212) 455-2000
Fax  (212) 455-2502

*Attorneys for Defendant Samuel L. Molinaro, Jr.*

SCHULTE ROTH & ZABEL LLP

By: /s/
    Alan Glickman (alan.glickman@srz.com)

919 Third Avenue
New York, New York  10022
Tel.  (212) 756-2000
Fax  (212) 593-5955

*Attorneys for Defendant Alan C. Greenberg*

WACHTELL, LIPTON, ROSEN & KATZ

By: /s/
    Lawrence B. Pedowitz (LBPedowitz@wlrk.com)
    David B. Anders (DBAnders@wlrk.com)

51 West 52nd Street
New York, New York  10019
Tel.   (212) 403-1000
Fax    (212) 403-2000

*Attorneys for Defendant Warren J. Spector*

WILLKIE FARR & GALLAGHER LLP

By: /s/
    Michael R. Young (myoung@willkie.com)
    Antonio Yanez (ayanez@willkie.com)

787 Seventh Avenue
New York, New York  10019-6099
Tel.   (212) 728-8000
Fax    (212) 728-8111

*Attorneys for Defendant Jeffrey M. Farber*

SHEARMAN & STERLING LLP

By: /s/
    Steven F. Molo (smolo@shearman.com)

599 Lexington Avenue
New York, New York  10022
Tel.   (212) 848-4000
Fax    (646) 848-7456

*Attorneys for Defendant Jeffrey Mayer*

GIBSON, DUNN & CRUTCHER LLP

By: /s/
    Randy M. Mastro (rmastro@gibsondunn.com)
    Robert F. Serio (rserio@gibsondunn.com)

200 Park Avenue
New York, New York  10166
Tel.   (212) 351-4000
Fax    (212) 351-4035

*Attorneys for Defendants Henry Bienen, Carl D. Glickman, Michael Goldstein, Donald J. Harrington, Frank T. Nickell, Paul A. Novelly, Frederic V. Salerno, Vincent Tese, and Wesley S. Williams, Jr.*

Filed on behalf of The Bear Stearns Companies Inc., James E. Cayne, Alan D. Schwartz, Samuel L. Molinaro, Jr., Alan C. Greenberg, Warren J. Spector, Jeffrey M. Farber, Jeffrey Mayer, Michael Minikes**,** Henry Bienen, Carl D. Glickman, Michael Goldstein, Donald J. Harrington, Frank T. Nickell, Paul A. Novelly, Frederic V. Salerno, Vincent Tese, and Wesley S. Williams, Jr. upon consent.