UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

IN RE BEAR STEARNS COMPANIES, INC.          08 M.D.L. No. 1963(RWS)
SECURITIES, DERIVATIVE, AND ERISA
LITIGATION                                          OPINION

This Document Relates To:

 Securities Action, 08 Civ. 2793 (RWS)

-------------------------------------X



A P P E A R A N C E S:

            Attorneys for Plaintiff
            Gilles Bransbourg

            WOLF HALDENSTEIN ADLER FREEMAN &
              HERZ LLP
            270 Madison Avenue
            New York, NY  10016
            By:  Gregory M. Nespole, Esq.


            Attorneys for Lead Plaintiff
            State of Michigan Retirement Systems

            LABATON SUCHAROW, LLP
            140 Broadway
            New York, NY  10005
            By:  Javier Bleichmar, Esq.
                 James W. Johnson, Esq.
                 Michael W. Stocker, Esq.

            BERMAN DeVALERIO
            One Liberty Square
            Boston, MA 02109
            By:  Jeffrey C. Block, Esq.
                 Justin Saif, Esq.

Attorneys for Defendants The
Bear Stearns Companies Inc.

PAUL, WEISS, RIFKIND, WHARTON &
  GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
By:  Eric S. Goldstein, Esq.
     Brad S. Karp, Esq.
     Jonathan Hurwitz, Esq.


Attorneys for Defendant
James E. Cayne

KRAMER LEVIN NAFTALIS &
  FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
By:  David S. Frankel, Esq.
     Steven S. Sparling, Esq.


Attorneys for Defendant
Alan D. Schwartz

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
By:  Jay Kasner, Esq.
     Susan L. Saltzstein, Esq.


Attorneys for Defendant
Samuel L. Molinaro, Jr.

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
By:  Michael Chepiga, Esq.
     William T. Russell, Esq.


Attorneys for Defendant
Alan C. Greenberg

SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
By:  Alan Glickman, Esq.
     Ronald Richman, Esq.


Attorneys for Defendant
Warren J. Spector

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
By:  Lawrence B. Pedowitz, Esq.
     David B. Anders, Esq.

**Sweet, D.J.,**

Plaintiffs Gilles Bransbourg ("Bransbourg") and Joseph Zicherman ("Zicherman") have both moved for reconsideration of the Court's Opinion of January 5, 2009, and Order of January 6, 2009, modified on January 23, 2009, consolidating their respective actions and appointing the State of Michigan Retirement Systems ("SMRS") lead plaintiff. See In re Bear Stearns Co., Inc. Sec., Derivative, & Employee Retirement Income Sec. Act ("ERISA") Litig., 08 M.D.L. No. 1963 (RWS), 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) ("January 5, 2009 Opinion"); In re Bear Stearns Co., Inc. Sec., Derivative, & ERISA Litig., 08 M.D.L. No. 1963 (RWS) (S.D.N.Y. Jan. 6, 2009) (the "Consolidation Order"). For the reasons stated below, both motions for reconsideration are denied.

## I.   BACKGROUND

In the January 5, 2009 Opinion, the Court consolidated several actions, including actions brought by Bransbourg and Zicherman, alleging violations of Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA, and Rule 10b-5 promulgated thereunder (the "Securities Actions"). In brief, the Securities Actions allege that Defendants issued materially

false and misleading statements regarding the Bear Stearns

Companies, Inc.'s ("Bear Stearns" or the "Company") business and

financial results, resulting in the trading of the Company's

stock at artificially inflated prices from 2006 through March

14, 2008, the day after the collapse of Bear Stearns was made

public. In the same Opinion, the Court appointed SMRS lead

plaintiff of the Securities Actions, and Labaton Sucharow LLP

("Labaton Sucharow") and Berman DeValerio Pease Tabacco Burt &

Pucillo ("Berman DeValerio") lead counsel.

On January 20, 2008, Bransbourg filed his motion for

reconsideration of that part of the January 5, 2009 Opinion that

appointed SMRS lead plaintiff representing all purchasers of

Bear Stearns' securities, including the current and former

employees of Bear Stearns that received, as a consequence of

their employment with the Company and participation in its

equity compensation plans, Restricted Stock Units ("RSUs")

and/or Capital Appreciation Plan Units ("CAP Units") (the

"Bransbourg Class").[1]  The motion was marked fully submitted on

February 18, 2009.

---

[1] Bransbourg also requested an order staying SMRS from filing a consolidated complaint in the Securities Actions pending determination of his reconsideration motion. Given that SMRS filed its Consolidated Class Action Amended Complaint in this action on February 27, 2009, that part of the motion is denied as moot.

2

On January 27, 2009, Zicherman filed a motion for an

order correcting and modifying the January 5, 2009 Opinion and

Consolidation Order to accurately reflect Zicherman's case as an

individual action, and directing that Zicherman's case be

coordinated, rather than consolidated with the other cases. In

the event that its reconsideration request is denied, Zicherman

asks that the Consolidation Order be amended to reflect

Zicherman's rights as an individual plaintiff.

## II. **BOTH MOTIONS FOR RECONSIDERATION ARE DENIED**

### A. **The Applicable Standard**

"A motion for reconsideration is not a motion to

reargue those issues already considered when a party does not

like the way the original motion was resolved." Davey v. Dolan,

496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007) (internal quotations

and citation omitted). Therefore, "Local Rule 6.3 is to be

narrowly construed and strictly applied in order to avoid

repetitive arguments on issues that the court has fully

considered." Abrahamson v. Bd. of Educ., 237 F. Supp. 2d 507,

510 (S.D.N.Y. 2002). To prevail on a motion for

reconsideration, "the moving party must demonstrate controlling

law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003). Alternatively, "[r]econsideration may be granted to correct clear error [or] prevent manifest injustice . . . ." Id.

## B.   **Discussion**

### i.   **Bransbourg's Motion**

According to Bransbourg, in appointing SMRS lead plaintiff to represent all purchasers of Bear Stearns' securities, including members of the Bransbourg Class, the Court failed to address Bransbourg's contention that SMRS lacks standing to assert claims on behalf of the Bransbourg Class. Bransbourg argues that SMRS's lack of standing to interpose claims on behalf of the Bransbourg class renders it prima facie inadequate to serve as lead plaintiff for the Bransbourg action, and, therefore, the Court's decision constituted legal error.

Without considering whether Bransbourg is correct that SMRS lacks standing to assert claims on its behalf, the Court is satisfied that there is no requirement under either the Private

4

Securities Litigation Reform Act of 1995 or the case law in this
Circuit for a lead plaintiff to possess "standing to sue on
every available cause of action." Hevesi v. Citigroup Inc., 366
F.3d 70, 82 (2d Cir. 2004) ("[B]ecause the PSLRA mandates that
courts must choose a party who has, among other things, the
largest financial stake in the outcome of the case, it is
inevitable that, in some cases, the lead plaintiff will not have
standing to sue on every claim."); see In re Fuwei Films Sec.
Litig., 247 F.R.D. 432, 438 (S.D.N.Y. 2008) ("[T]he Second
Circuit has held that there is no requirement that a court
select as lead plaintiff only a movant with standing to assert
every possible claim against every defendant, nor does the
presumptive lead plaintiff fail to satisfy the typicality prong
if he or she cannot assert every possible claim."); In re
Initial Public Offering Sec. Litig., 214 F.R.D. 117, 123
(S.D.N.Y. 2002) (finding that any suggestion "that the court
should cobble together a lead plaintiff group that has standing
to sue on all possible causes of action . . . has been rejected
repeatedly by courts in this Circuit and undermines the purpose
of the PSLRA").

         Nor does Bransbourg point to any controlling decisions
or pertinent facts that the Court overlooked in its January 5,

                                5

2009 Opinion consolidating his case with the other securities
actions and appointing SMRS lead plaintiff. Concluding that
"[t]he claims asserted in the Bransbourg Action are identical to
those asserted in the other Securities Actions and are based on
the same statements made by Defendants during the same class
period," the Court found consolidation appropriate. Jan. 5,
2009 Opinion at *7. Because Bransbourg's motion is simply a
rehash of arguments that were made in opposition to
consolidation, the motion for reconsideration is denied.

**ii.  Zicherman's Motion**

Zicherman seeks reversal of the Court's consolidation
of this action with the other securities actions based on the
Court's statement in the January 5, 2009 Opinion that "Plaintiff
Zicherman alleges a class period limited to the week of March
10, 2008." Jan. 5, 2009 Opinion at *2. This statement is not
an accurate description of Zicherman's claim, which is brought
as an individual action, rather than a class action, and the
January 5, 2009 Opinion and Consolidation Order shall be amended
to reflect Zicherman's action as such.

The error pointed to by Zicherman does not, however,
warrant reconsideration of the Court's determination to

6

consolidate his action with the other Securities Actions.   In
consolidating Zicherman's action, the Court concluded that
consolidation was appropriate because "all of the cases alleging
violations of the federal securities laws involve common
questions of law and fact sufficient to warrant consolidation."
Jan. 5, 2009 Opinion at *6.   The fact that Zicherman brings his
claim as an individual and not on behalf of a class does not
alter this conclusion, and therefore his motion for
reconsideration is denied.

        As to Zicherman's request that the Consolidation Order
be additionally amended to specifically list his rights as an
individual plaintiff, the Court does not find such further
amendment necessary at this time.

        It is so ordered.

**New York, NY**
**July   /5, 2009**

ROBERT W. SWEET
U.S.D.J.

7