UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

IN RE BEAR STEARNS COMPANIES, INC.          08 MDL 1963
SECURITIES, DERIVATIVE, AND ERISA
LITIGATION                                  OPINION

This Document Relates To:

   Securities Action, 08 Civ. 2793

------------------------------------------X

SWEET, D.J.

        Plaintiff Gilles Bransbourg ("Bransbourg") has moved for reconsideration of the Court's lead plaintiff opinion dated January 5, 2009 and order denying his motion for reconsideration dated July 16, 2009 (collective, the "Lead Plaintiff Orders"). For the reasons below, Bransbourg's motion is denied.

**Prior Proceedings**

        Bransbourg is the named plaintiff in the securities class action captioned Bransbourg v. The Bear Stearns Companies Inc., et al., No. 08 Civ. 5054 (the "Bransbourg Action"), one of many securities class actions brought in the wake of Bear Stearns' decline and sale to JPMorgan Chase Bank. On January 5,

2009, the Court consolidated the Securities Actions and appointed the State of Michigan Retirement Systems ("SMRS") as lead plaintiff to represent all purchasers of Bear Stearns' securities, including the class indicated in the Bransbourg Action (the "Bransbourg Class"). See In re Bear Stearns Co., Inc. Sec. Deriv. & ERISA Litig., No. 08 MDL 1963, 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) (the "January 5, 2009 Opinion").

On January 20, 2009, Bransbourg moved for reconsideration of the January 5, 2009 order, claiming that SMRS lacked standing to pursue the Bransbourg Class's claims, and that the Court had made a legal error in appointing Bransbourg as lead plaintiff of the consolidated securities action, including the Bransbourg Class.

On February 27, 2009, while the motion for reconsideration was pending, SMRS filed a consolidated amended complaint (the "Securities Complaint" or "Sec. Compl.") including claims brought on behalf of the Bransbourg Class.

On July 16, 2009, the Court denied Bransbourg's motion for reconsideration, holding that it need not assess "whether Bransbourg is correct that SMRS is correct that SMRS lacks

2

standing to assert claims on its behalf" and that Bransbourg had failed to "point to any controlling decisions or pertinent facts that the Court overlooked in its January 5, 2009 [order]." In re Bear Stearns Companies, Inc. Securities, Derivative, and ERISA Litig., No. 08 MDL 1963, 2009 WL 2168767, at *2 (S.D.N.Y. July 16, 2009) (the "July 16, 2009 Opinion") (citation omitted).

On July 29, 2009, Bransbourg filed a petition for a writ of mandamus with the Unites States Court of Appeals for the Second Circuit requesting that it vacate the Lead Plaintiff Orders and direct that Bransbourg be appointed lead plaintiff for the Bransbourg Class or Sub-Class. This petition was denied on November 13, 2009 on the grounds that Bransbourg had not demonstrated that he "lacks an adequate, alternative means of obtaining relief." Mandate, Dkt. No. 142 (citing In re Von Bulow, 828 F.2d 94, 98 (2d Cir. 1987)).

On December 17, 2009, Bransbourg filed the present motion for reconsideration. The motion was fully submitted on February 10, 2010.

**Statement of Facts**

3

SMRS alleges that it purchased Bear Stearns stock on the open market and suffered damages as a result of Defendants' alleged misconduct. Sec. Compl. ¶ 20.

Bransbourg, by contrast, alleges that members of the Bransbourg class are "current and former employees of Bear Stearns, other than defendants, who were: (i) compensated, in part, by Restricted Stock Units ("RSUs") and/or capital accumulation plan units ("CAP units"); (ii) in connection with their participation in the Company's equity compensation plans (known as the Restricted Stock Unit Plan (the "RSU Plan") and the Capital Accumulation Plan (the "CAP Plan")); and (iii) whose rights thereunder had vested thus providing them with a present entitlement to be paid and/or credited an equivalent number of shares of Bear Stearns common stock at the end of a specified deferral period." Bransbourg Mem. at 1.

The Court has already found that "[t]he claims asserted in the Bransbourg Action are identical to those asserted in the other Securities Actions and are based on the same statements made by Defendants during the same class period." January 5, 2009 Opinion at *7. The only apparent difference between the Bransbourg Action and the other actions

4

is the means by which the Bransbourg class came into possession of its Bear Stearns stock. Id.

**Applicable Standard**

Bransbourg moves for reconsideration under Rule 60(b)(1), (5), and (6) of the Federal Rules of Civil Procedure, which provide that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; ...
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

In order to bring a motion for reconsideration under Local Civil Rule 6.3, a moving party must:

> Demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision. Alternatively, reconsideration may be granted to correct clear error or prevent manifest injustice.

Smart v. Goord, No. 04 Civ. 8850, 2008 WL 591230, at *1 (S.D.N.Y. Mar. 3, 2008).

5

A moving party also may not renew arguments already considered and rejected by the Court:

> The rule should be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court, and to prevent the rule from being used as a substitute for appealing a final judgment. Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.

Id. (internal quotations and citations omitted).

Under the Private Securities Litigation Reform Act of 1995, courts are responsible for the appointment of a lead plaintiff in a class action, and "[c]ourts have interpreted their lead plaintiff responsibilities under the PSLRA to encompass a continuing duty to monitor whether lead plaintiffs are capable of adequately protecting the interests of the class members." In re NYSE Specialists Sec. Litig., 240 F.R.D. 128, 133 (S.D.N.Y. 2007) (internal quotation and citation omitted).

**Bransbourg Fails to Establish that Reconsideration of the Lead Plaintiff Orders is Proper**

Bransbourg contends that reconsideration of the Lead Plaintiff Orders is appropriate here under Rule 60(b)(1), (5), and (6) because: (1) the Lead Plaintiff Orders are legally

6

erroneous under controlling Second Circuit authority; (2) the claims asserted on behalf of the Bransbourg Class are subject to sua sponte dismissal by the Court for lack of subject matter jurisdiction; and (3) the Bransbourg Class should not be further prejudiced by a leadership structure that is incapable of adequately protecting the interests of its members. Bransbourg also notes that the Court has an ongoing duty to monitor the fitness of the lead plaintiffs to protect the interests of the class members under the PLSRA. Bransbourg Mem. at 4-5.

### a. Bransbourg May Not Seek Relief under Rule 60(b)

Bransbourg fails to satisfy the requirement under Rule 60(b) that the reconsidered order or judgment be "final." See Indemnity Ins. Co. of North Am. v. Reisley, 153 F.2d 296, 299 (2d Cir. 1946) (on petition for reh'g) (Rule 60(b) applies only to a final order); SEC v. Save the World Air, Inc., No. 01 Civ. 11586, 2005 WL 1208525, at *1 (S.D.N.Y. May 19, 2005) (relief under Rule 60(b) not available because party was not seeking relief from a final judgment or order); Cancel v. Mazzuca, No. 01 Civ. 3129, 2002 WL 1891395, at *3 (S.D.N.Y. Aug. 15, 2002) (Rule 60(b) only applies to a final order). Consolidation orders are not final orders, particularly where, as here, the

Court reserves the ability to amend or modify the order during the pendency of the litigation. See In re Repetitive Stress Injury Litig., 11 F.3d 368, 372-73 (2d Cir. 1993) (holding that "[a] consolidation order is concededly not a final judgment.").

In his reply, Bransbourg states that the Court may also grant the relief he seeks through (a) the use of its plenary powers; (b) the PLSRA's requirement that a Court "monitor whether lead plaintiffs are capable of adequately protecting the interest of the class members"; (c) Federal Rule of Civil Procedure 59(e);[1] and (d) Local Civil Rule 6.3. Bransbourg Rep. to Def. at 1-2.

### a. Bransbourg's Invocation of the PSLRA and the Court's Plenary Powers Fails

The PSLRA provides a role for the courts in selecting lead plaintiffs for class action lawsuits. In re NYSE Specialists, 240 F.R.D. at 133. As noted above, as part of that role, courts have "a continuing 'duty to monitor whether lead plaintiffs are capable of adequately protecting the interests of

---

[1] Bransbourg cites Rule 59(3), which does not exist. It appears that Bransbourg intended to cite Rule 59(e), under which a court may amend a judgment.

8

the class members.'" Id. (quoting In re Terayon Commc'ns Sys., Inc. Sec. Litig., No. C 00-01967 MHP, 2004 WL 413277, at *7 (N.D.Cal. Feb. 23, 2004) (finding lead plaintiffs no longer appropriate on defendants' motion to disqualify)).

Bransbourg relies on In re SLM Corp. Sec. Litig., 258 F.R.D. 112, 114 (S.D.N.Y. 2009), to supports its invocation of the court's plenary powers. In SLM, the Court invoked its duty outside of cases governed by the PSLRA and Federal Rule of Civil Procedure 23 to "monitor whether lead plaintiffs are capable of adequately protecting the interests of the class members." Id. (quoting In re NYSE Specialists, 240 F.R.D. at 133). The Court then found that the lead plaintiff did not have standing to assert the class claims at the time it was appointed because it was an investment advisor which did not purchase the stock at issue and did not have an assignment of the injured persons' claims. Id. In this case, the PSLRA applies, and there is no need to invoke duplicative plenary powers.

Bransbourg's allegations regarding SMRS's standing and prejudice to the Bransbourg Class do not establish that the Court's duty to monitor Lead Plaintiff requires it to take action here.

9

SMRS, unlike the lead plaintiff in SLM, has standing to bring its claims. As already found in In re Bear Stearns Companies, Inc. Sec., Deriv., and ERISA Litig., No. 08 MDL 1963, 2011 WL 223540 (S.D.N.Y. January 19, 2011) (the "January 19, 2011 Opinion"), denying Defendants' motion to dismiss the Securities Complaint, SMRS has alleged (a) injury-in-fact, through the financial losses it suffered as a result of possessing Bear Stearns stock; (b) causation, through the alleged inflation of Bear Stearns' stock price and false reassurance caused by Defendants' alleged material misstatements; and (3) redressability, through its claim for monetary damages to offset financial losses. See W.R. Huff Asset Mgmt. v. Deloitte & Touche LLP, 549 F.3d 100, 106-07 (2d Cir. 2008) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 n.1 (1992)).

Bransbourg contends that SMRS is not a proper lead plaintiff because it does not have standing to represent the Bransbourg Class and present its claims. However, even if Bransbourg's contentions are true, SMRS is still an appropriate lead plaintiff. Hevesi v. Citigroup, Inc., 366 F.3d 70, 82 (2d Cir. 2004), cited in the July 16, 2009 Opinion, holds that:

10

> Nothing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action. Rather, because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim.

The court went on to hold that, "[i]n those cases, just as a class representative can establish the requisite typicality under Rule 23 if the defendants 'committed the same wrongful acts in the same manner against all members of the class,' so too can lead plaintiffs." Id. at 82-83 (quoting In re Prudential Sec. Inc. Ltd. P'ships Litig., 163 F.R.D. 200, 208 (S.D.N.Y. 1995) (internal quotation marks omitted)).

Rather than require that the lead plaintiff have standing to represent every claim in the class, courts require that at least one named plaintiff have standing to represent each claim. See New Jersey Carpenters Health Fund v. DLJ Mortg. Capital, Inc., No. 08 Civ. 5653, 2010 WL 1473288, at *4 (S.D.N.Y. Mar. 29, 2010) (acknowledging Hevesi's rule for lead plaintiffs but dismissing claims where no named plaintiff had standing to assert them); Abu Dhabi Commercial Bank v. Morgan Stanley & Co., Inc., 651 F. Supp. 2d 155, 175 (S.D.N.Y. 2009) (holding that "[w]hile plaintiffs are correct that they may be deemed adequate class representatives for claims based on

11

securities they did not purchase, one of the named plaintiffs must have purchased those securities.") (citing In re Salomon Analyst Level 3 Litig., 350 F. Supp. 2d 477, 496 (S.D.N.Y. 2004)); In re Salomon Analyst Level 3, 350 F. Supp. 2d at 496 ("While plaintiffs are correct that lead plaintiffs, appointed pursuant to the PSLRA, need not satisfy all elements of standing with respect to the entire lawsuit, the selection of lead plaintiffs does not remove the basic requirement that at least one named plaintiff must have standing to pursue each claim alleged.") (emphasis in original). Therefore, if SMRS lacks standing to fully represent the Bransbourg class, the question becomes whether Bransbourg, or a member of the Bransbourg class, must be added as a named plaintiff.

Unlike in New Jersey Carpenters, Abu Dhabi, and In re Salomon Analyst Level 3, the Court here has found that "[t]he claims asserted in the Bransbourg Action are identical to those asserted in the other Securities Actions and are based on the same statements made by Defendants during the same class period...." January 5, 2009 Opinion at *7; see also Id. at *9 ("the Bransbourg complaint alleges causes of action that are identical to those raised in each of the other Securities

12

Actions.");[2] July 16, 2009 Opinion at *6 (quoting January 5, 2009 Opinion at *7). Furthermore, Bransbourg brings suit alleging harm from its ownership of Bear Stearns stock, just as SMRS does. While the Bransbourg Class may have obtained its Bear Stearns stock through different means, the Court has already considered that argument and held it to be unavailing. January 5, 2009 Opinion at *7, *9. Bransbourg has not demonstrated the inaccuracy of these prior findings, and the Court again concludes that SMRS has standing to sue, and that SMRS and the Bransbourg Class bring the same claims arising from their ownership of the same securities and presenting the same injury, causation, and redressability, as required by Huff. Therefore, SMRS suffices as the lead plaintiff without the need for a member of the Bransbourg class to be added as a named plaintiff in the Securities Action.[3]

---

[2] In the same opinion, the Court also found that Bransbourg "failed to establish that SMRS will not be able to fairly and adequately protect their interests, or prove that SMRS is subject to a unique defense that will 'threaten to become the focus of the litigation.'" Id. at *9 (quoting In re Worldcom Inc. Sec. Litig., 219 F.R.D. 267, 282 (S.D.N.Y. 2003)).

[3] To the extent that Bransbourg raises concerns over SMRS fitness to represent the Bransbourg Class under 15 U.S.C. § 78u-4(a)(3)(B), the Court's findings in the January 5, 2009 Opinion addressed those and properly determined that SMRS was an appropriate Lead Plaintiff. In light of those findings and the Court's holding here, that

Bransbourg cites <u>Huff</u> and several district court opinions in support of the contention that it should be made lead plaintiff or representative for the Bransbourg Class. All of these opinions are distinguishable as the lead or named plaintiffs in them either did not have standing to maintain any claim or had suffered losses through their purchases of different securities or through different misstatements from those claimed by the other plaintiffs in their purported classes.[4]

---

determination of SMRS's statutory fitness to be lead plaintiff for the Bransbourg Class is reaffirmed.

[4] See <u>Huff</u>, 549 F.3d at 107 (As noted above, the lead plaintiff did not have standing to independently assert claims and did not have an assignment of claims.); <u>SLM</u>, 258 F.R.D. at 116 (same); <u>In re IMAX Sec. Litig.</u>, No. 06 Civ. 6128, 2009 WL 1905033, at *3 (S.D.N.Y. Jun. 29, 2009) (same); <u>Abu Dhabi</u>, 651 F. Supp. 2d at 175 (claims dismissed for lack of standing where named plaintiffs purchased a different security); <u>In re Salomon Analyst Level 3</u>, 350 F. Supp. 2d at 496-97 (claims dismissed for lack of standing where class of plaintiffs brought entirely distinct claims from any named plaintiffs, but not dismissed where a named plaintiff owned the same security but from a different class); <u>In re UBS Auction Rate Sec. Litig.</u>, No. 08 Civ. 2967, 2009 WL 860812, at *6 (S.D.N.Y. Mar. 30, 2009) (claims dismissed for lack of standing where named plaintiffs not actually harmed by misconduct); <u>Baydale v. Am. Express Co.</u>, No. 09 Civ. 3016, 2009 WL 2603140 (S.D.N.Y. Aug. 14, 2009) (prospective lead plaintiff without direct injury not appointed); <u>In re Lehman Bros. Sec. & ERISA Litig.</u>, 684 F. Supp. 2d 485, 490-91 (S.D.N.Y. 2010) (claims dismissed for lack of standing where named plaintiffs did not purchase in the same offerings as the class members and were thus not injured by those offerings); <u>New Jersey Carpenters Vacation Fund v. Royal Bank of Scotland Group, PLC</u>, 720 F. Supp. 2d 254, 264 (S.D.N.Y. Mar. 26, 2010) (dismissal for lack of standing where named plaintiffs had purchased

14

Bransbourg fails to establish that SMRS is incapable of protecting the interests of the Bransbourg Class and that the Class is prejudiced as a result. The Court has already determined that SMRS has standing to represent the Bransbourg Class, and that SMRS and Bransbourg bring the same claims. Jan. 5, 2009 Opinion at *7. The Court has also already determined that:

> Despite his argument that because members of the Bransbourg class did not purchase stock on the open market, consolidation with the other Securities

in only two of fifteen distinct offerings where other offerings had different misstatements); In re J. Ezra Merkin and BDO Seidman Sec. Litig., No. 08 Civ. 10922, slip. op. at 4 (S.D.N.Y. May 12, 2010) (adding a named plaintiff where no named plaintiff had invested in a certain fund and obtained certain securities); Kings County, Washington v. IKB Deutsche Industriebank AG, No. 09 Civ. 8387, 2010 U.S. Dist. LEXIS 48999, at *3, 6-7 (S.D.N.Y. May 18, 2010) (dismissal on standing grounds where named plaintiffs had not purchased same security as class members); In re Public Employees' Retirement System of Mississippi v. Merrill Lynch & Co., Inc., 714 F. Supp. 2d 475, 480-81 (S.D.N.Y. 2010) (dismissing on standing grounds claims where no named plaintiff had purchased securities in the same offering); In re Indymac Mortgage-Backed Sec. Litig., 718 F. Supp. 2d 495, 501 (S.D.N.Y. 2010) (same); In re Morgan Stanley Mortgage Pass-Through Certificates Litig., No. 09 Civ. 2137, 2010 U.S. Dist. LEXIS 84146, at *11-17 (S.D.N.Y. Aug. 17, 2010) (dismissal on standing grounds where named plaintiffs had purchased certificates from different trusts than certain class members); In re Public Employees' Retirement System of Mississippi v. Goldman Sachs Group, Inc., No, 09 Civ. 1110, 2011 U.S. Dist. LEXIS 3267, at *20-24 (S.D.N.Y. Jan. 12, 2011) (dismissal on standing grounds where named plaintiffs had purchased in different offering with different alleged misstatements); In re Royal Bank of Scotland Group PLC Sec. Litig., No. 09 Civ. 300, 2011 U.S. Dist. LEXIS 3974, at *33 (S.D.N.Y. Jan. 11, 2011) (dismissal on standing grounds where lead plaintiffs had purchased different securities).

> Actions would result in irreconcilable conflicts
> between class members, Bransbourg has not established
> that at this stage, the risk of prejudice outweighs
> the strong interests in the efficient resolution of
> this litigation.

Id. It has also already been determined that SMRS is not subject to different defenses or a different calculation of damages sufficient to prejudice the Bransbourg Class's interests. Id. at *9-10. Bransbourg does not here provide new grounds sufficient to establish that the Court's prior conclusions regarding prejudice were erroneous.

While the Court has expressed its openness to amending the consolidation order as needed,[5] Bransbourg has not demonstrated the need for such a modification at this point.

### b. Bransbourg's Motion under Rule 59(e) and Local Rule 6.3 is Untimely

---

[5] June 5, 2009 Opinion at *1 ("The Court reserves the ability to alter this structure at any time and for any reason, and will do so if it finds that the progress of the litigation is being delayed, that expenses are being unnecessarily enlarged, or if the structure established proves detrimental, in any way, to the best interests of the proposed class."); Id. at *10 ("As previously stated, if the Court finds at the time of class certification, or any other time, that it seems desirable to have a Bransbourg sub-class, the Court will act accordingly.").

Bransbourg invokes the Court's power to amend a judgment under Rule 59(e) and to reconsider an order on a motion under Local Rule 6.3. However, Rule 59(e) requires that such a motion be brought within 28 days of the entry of that judgment. Local Rule 6.3 gives a party only 14 days from the entry of the order to file a motion for reconsideration, unless otherwise provided.

The orders at issue were made on January 5, 2009, January 6, 2009, and July 16, 2009. Bransbourg did not file this motion until December 17, 2009. Therefore, it is untimely under both Rule 59(e) and Local Rule 6.3.

**Conclusion**

For the foregoing reasons, Bransbourg's motion for reconsideration is denied.

It is so ordered.

New York, NY
~~January~~ *February 1*, 2011

ROBERT W. SWEET
U.S.D.J.