UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE THE BEAR STEARNS COMPANIES INC. SECURITIES, DERIVATIVE AND ERISA LITIGATION<br><br>This Document Relates To:<br><br>Securities Actions,  08-Civ-02793<br>                              08-Civ-04972 | Master File No.:<br>08 M.D.L. No. 1963 (RWS) |

**THE STATE OF MICHIGAN RETIREMENT SYSTEM'S OPPOSITION TO FREDERICK S. SCHWARTZ'S MOTION TO EXTEND DEADLINE FOR FILING AND CONSENT TO FILE EITHER AN OBJECTION OR AN EXCLUSION TO PROPOSED SETTLEMENT**

Court appointed Lead-Plaintiff and Settlement Class Representative, The State of Michigan Retirement System ("SMRS"), hereby submits this opposition to Frederick S. Schwartz's Motion To Extend Deadline For Filing And Consent To File Either An Objection Or Exclusion To Proposed Settlement.[1]

<u>Preliminary Statement</u>

***120 days*** after the Bear Stearns Settlement became public; ***113 days after*** receiving direct notice of this Court's preliminary approval orders establishing all applicable deadlines; ***36 days*** following the explicit, Court-ordered deadline for filing objections to or exclusion from the proposed Settlements; and ***14 days*** after the final approval hearing closed, Frederick S. Schwartz ("Schwartz") now files a dilatory motion to extend deadlines that have long passed, to request the

---

[1] Movant Schwartz appears to have filed two identical motions, one dated October 3, 2012 and filed in the 08-Civ.-04972 action (Dkt. 46) and one filed October 4, 2012 in the lead, 08-2793 action (Dkt. 228). All subsequent references to the docket (Dkt.) refer to 08-2793, unless otherwise noted.

1

scheduling of an unnecessary hearing, and to allow him addition time *to make up his mind* whether to object to or exclude himself from the Settlements.[2] This baseless motion, which is devoid of any explanation for why Schwartz and his counsel sat on their hands for months on end, should be promptly rejected.[3] Schwartz has waived any objections to the Settlements and, under the Court's preliminary approval orders, should be "forever … foreclosed from making any objection to any aspect of the Settlement."

### Argument

I. **Schwartz Had Direct Notice Of All Applicable Deadlines, Yet Took No Action**

Schwartz purports to be a class member who purchased Bear Stearns stock during the Class Period. Schwartz was one of many shareholders who filed an initial complaint that was consolidated into the above-captioned action. Dkt. 90-91 (Court's January 5, 2009 Opinion and January 6, 2009 Consolidation Order). Schwartz's counsel directly received ECF-notices of this Court's preliminary approval orders that set forth the deadlines for filing (i) objections to the Settlements; (ii) requests for exclusion from the Settlements; and/or (iii) intentions to appear at the Settlement Hearing, which was scheduled for September 19, 2012. *See* Declaration of Patrick T. Egan, Exs. A-C (attaching relevant ECF notices showing that Schwartz's counsel received notice of both Preliminary

---

[2] Unless otherwise noted, all capitalized terms not otherwise defined herein have the same meaning as that set forth in the Stipulation and Agreement of Settlement with the Bear Stearns Defendants, dated June 5, 2012, ("Bear Stearns Stipulation") and the Stipulation and Agreement of Settlement with Deloitte and Touche LLP, dated June 11, 2012 (the "Deloitte Stipulation") (together, the "Stipulations").

[3] While Schwartz cites no rule in support of his motion, Fed. R. Civ. P. 6(b)(1)(B) controls requests for extensions of deadlines after time has expired. A Rule 6(b)(1)(B) motion requires the movant to demonstrate that their failure to act was "because of excusable neglect." Here, Schwartz has made no such showing and his request should be denied. *See In re Adelphia Commc'ns Corp. Sec. & Derivatives Litig.*, 271 Fed. Appx. 41, 43-44 (2d Cir. 2008) (affirming denial of class members request for extension to opt-out of class settlement were class member "did not demonstrate excusable neglect"); *see also Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366-67 (2d Cir. 2003) ("We have noted that the equities will rarely if ever favor a party who 'fails to follow the clear dictates of a court rule.'") (citation omitted); *In re Worldcom, Inc. Sec. Litig.*, No. 02 Civ. 3288(DLC), 2005 WL 1048073, at *6 (S.D.N.Y. May 5, 2005) ("Courts should be particularly chary of extending an opt-out deadline through an application of the doctrine of excusable neglect.").

Approval Orders and the Court's scheduling order for the Settlement Hearing). The Court's preliminary approval orders explicitly and clearly required that objections and/or requests to opt out of the Settlements had to be filed twenty-one days *prior to* the September 19, 2012 Settlement Hearing. *Id.* at Ex. D at ¶¶ 15-17 (attaching copy of the Bear Stearns Settlement preliminary approval order).[4] As the Preliminary Approval Order made clear: "Any Settlement Class Member who does not make his, her or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given." *Id.* at ¶17.

Despite direct knowledge of the August 29, 2012 deadline, Schwartz never filed a request for exclusion, never filed an objection and never filed any notice of intention to appear at the Settlement Hearing. Egan Decl. at ¶7. Neither Schwartz nor his counsel requested an opportunity to speak at the Settlement Hearing (if, in fact, they even attended the hearing). And, of course, Schwartz did not make a timely request for the extension of the deadlines prior to their passing.

## II. The Final Settlement Hearing Is Closed And The Settlements Are Under Submission

Unable to set forth any excusable neglect argument for why he missed all deadlines, Schwartz instead concocts a bizarre argument that the Settlement Hearing did not conclude "in full" and that, as such, "the opt-out or objection deadlines have not yet closed." Schwartz is just plain wrong. Putting aside the fact that Schwartz never requested an opportunity to be heard, the fact is

---

[4] Moreover, the Court also authorized the dissemination of settlement notices to shareholders through direct mailing, publication and postings on the various websites. Those notices explicitly stated that shareholder seeking to object to, or exclude themselves from the Settlements must do so no later than August 29, 2012 (21 days prior to the Settlement Hearing). *See* Dkt. 302-2 (08-1963) (affidavit of Jose C. Fraga, dated August 15, 2012 attaching copies of Notice and Summary Notice). Moreover, the Preliminary Approval Orders and Notice detailed the steps necessary for any objector to appear and be heard at the Settlement Hearing, namely by filing a notice of intent to appear with any timely objection. Egan Decl., Ex. D at ¶17.

that on September 19, 2012, the Court heard from all parties requesting to be heard, considered all timely objections and requests for exclusion, and, then, took the matter under submission. The fact that the Court has not yet issued its rulings is not an invitation for dilatory shareholders to attempt to reset the clock.

Of course, even if the Court views the hearing as "open" it still would not justify Schwartz's requested relief. The entire point of having the objection/exclusion deadlines occur weeks in *advance* of final settlement hearings is so that all open issues can be fully briefed and heard *at that hearing*. If shareholders could always get a "second chance" to object or opt-out after the commencement of the settlement hearing, it would render the notice deadlines meaningless. This Court should not reward Schwartz's tardy behavior by unnecessarily re-opening a closed hearing, especially where Schwartz has not articulated any reason why he needs to be heard.

### III.     Schwartz Is Not Entitled To Additional Information Or Discovery

Schwartz also argues, without support, that as a "named plaintiff" he is "entitled to be treated differently than a mere class member." First, Schwartz is not a "named plaintiff". Rather, he was a plaintiff in an initial action that was consolidated in the above-referenced action by this Court's January 5, 2009 Order. Dkt. 90. SMRS was appointed lead plaintiff to represent all consolidated plaintiffs. *Id.* On February 27, 2009, SMRS filed its Consolidated Class Action Complaint For Violations Of the Federal Securities Laws that did not list any additional named plaintiffs. Dkt. 102.[5]

Neither Schwartz, nor his counsel, ever objected to not being named in the Consolidated Complaint. Moreover, neither Schwartz, nor his counsel, ever objected to the clear duties and responsibilities given to SMRS and Lead Counsel under this Court's consolidation and case

---

[5] *See also Del Giudice v. S.A.C. Capital Management, LLC*, No. 06-1413, 2009 WL 424368, at *7 (D.N.J. Feb. 19, 2009) ("The Complaint [Gentile, an initial plaintiff's counsel] filed is no longer controlling in this case, as it has been superseded by the Amended Complaint" …. Gentile's client … is not the Lead Plaintiff in this putative class action, and Gentile is not an attorney for the putative class").

4

management orders. *See* Dkt. 91 (Consolidation Order providing, in part, that Lead Counsel "shall manage the prosecution of the" Securities Actions, including "preparation of all pleadings", "initiation and direction of discovery" and "engagement in settlement negotiations"); Dkt. 190 (Case Management Order providing in part, that Lead Counsel shall, *inter alia*, "conduct all pretrial proceedings on behalf of all plaintiffs" and "[c]onduct settlement negotiations with defense counsel on behalf of class action plaintiffs"). Schwartz holds no special status, but like all class members, he is entitled to due process notice of the terms of the Settlements and his opportunity to be heard. Schwartz received such due process, but did nothing in a timely manner.[6]

While Schwartz claims he "would like" access to discovery to weigh his decision to participate, object or opt out of the Settlements, this argument is a mere pretext. Tellingly, while the existence of the Settlements has been known for months, Schwartz has never requested any discovery from Lead Counsel.[7] Moreover, Schwartz is simply not entitled to access whatever information he desires just to satisfy his curiosity.[8] The Second Circuit is clear: so long as the district court has before it a sufficient record to approve a class action settlement, additional discovery by objectors is unwarranted.[9] Here, in support of the Settlements and in response to arguments made

---

[6] Indeed, Schwartz did not file his motion until thirty-six (36) days after the August 29 deadline to move or object and fourteen (14) days after the final approval hearing at which he did not appear.

[7] The limited conversations between counsel for Schwartz and Lead Counsel prior to the filing of this motion are summarized at paragraphs 8-11 of the Egan Declaration.

[8] *See In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1084 n.6 (6th Cir. 1984) (noting that while timely objectors are entitled to "'leave to be heard,' … they are not automatically entitled to discovery or 'to question and debate every provision of the proposed compromise'") (citations omitted); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 562-63 (D.N.J. 1997) ("objectors have no absolute right to take independent discovery to prepare for a fairness hearing").

[9] *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 120 (2d Cir. 2005) ("a discovery request depends on 'whether or not the District Court had before it sufficient facts intelligently to approve the settlement offer. If it did, then there is no reason … to give [objectors] authority to renew discovery.'") (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462-63 (2d Cir. 1974); *Grinnell*, 495 F.2d at 464 ("To allow the objectors to disrupt the settlement on the basis of nothing more than their unsupported suppositions would completely thwart the settlement process."); *see also Dupler v. Costco Wholesale Corp.*, 705 F. Supp. 2d 231, 247 n.12

by the *timely* Kentmill objectors, Lead Counsel has provided detailed information about the Settlements, the risk of litigation and the negotiations process. In fact, Schwartz's comment that he "*would like* to determine why the award pool was capped at the current figure and if there are additional funds that should be made available," is essentially the same argument raised and briefed by the Kentmill objectors. SMRS submits that the current record is more than sufficient for this Court to rule on the fairness of the Settlements. Allowing an out-of-time fishing expedition by Schwartz is unwarranted.

## IV. Allowing Schwartz's Motion Would Cause Undue Delay And Would Encourage Dilatory Behavior

Contrary to Schwartz's assertion, there would be great prejudice and delay to the Class if his motion was allowed. Simply, the settlement papers have been long filed and the Settlement Hearing is closed. There is no reason to extend deadlines as to one dilatory shareholder. Further, Schwartz has not just brought this motion on his own behalf, but rather on behalf of himself "individually and on behalf of other similarly situated persons". Thus, if the requested relief were granted, it would require an additional, expensive and time-consuming notice program to provide other class members with information on the newly "extended" deadlines. There is no way the Class should be forced to incur the cost for such unnecessary notice, just because one shareholder, whose counsel received notice of all deadlines, ignored them all.

The intention of the Rule 23 settlement notice program is to provide the best practical means to inform class members of their rights, so as to bind the class and provide finality to class

---

(E.D.N.Y. 2010) (objectors' request for discovery "'concerning the methodology employed to determine the amount of benefits flowing to the class'" is rejected because such information was already in plaintiffs' preliminary approval brief and the Court therefore had sufficient facts before it to approve the settlement) (citation omitted); *Robertson v. Nat'l Basketball Ass'n*, 72 F.R.D. 64, 71-72 (S.D.N.Y. 1976) ("There is no requirement that every objector be allowed to have discovery concerning the settlement itself so that he can personally assure its reasonableness. Such a course would mean that few settlements would be approved, since each member of the class would have the right to keep it open until satisfied as to its bona fides.").

settlements. Schwartz does not claim the notice program was defective. To now open the door to such an inexcusably late objection *or* "opt-out" would not only grossly hamper the administrative process but would set a dangerous precedent. *See In re: PaineWebber Ltd P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998) ("[W]e think that orders establishing opt-out procedures and deadlines should be given full effect in order to foster the strong judicial policy in favor of settlements, particularly in the class action context."); *Id.* ("Opt-out deadlines ensure that parties to a class action can rely on the membership of a class becoming fixed by a specified date and that such members will be bound by the resulting outcome of the legal proceedings."); *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 164 F.R.D. 362, 371-72 (S.D.N.Y. 1996) ("the Court notes that granting leave to file untimely exclusions 'would undermine the finality of judgments entered therein and would discourage settlement of such actions. Defendants would be loath to offer substantial sums of money in compromise settlements of class actions unless they can rely on the notice provisions of Rule 23 to bind class members.'") (citation omitted).

## Conclusion

For the foregoing reasons, SMRS respectfully submits that this Court should reject Schwartz's request.

Dated: October 19, 2012

Respectfully submitted,

**BERMAN DEVALERIO**

By: /s/ Patrick T. Egan

Joseph J. Tabacco, Jr. (JJT-1994)
One California Street Suite 900
San Francisco, California 94111
Telephone:	(415) 433-3200
Facsimile:	(415) 433-6382

Patrick T. Egan (PE-6812)
John H. Sutter (Pro Hac Vice)
One Liberty Square
Boston, Massachusetts 02109
Telephone:	(617) 542-8300
Facsimile:	(617) 542-1194

**LABATON SUCHAROW LLP**
Thomas A. Dubbs (TD-9868)
James W. Johnson (JJ-0123)
Craig A. Martin (CM-0901)
140 Broadway
New York, New York 10005
Telephone:	(212) 907-0700
Facsimile:	(212) 818-0477

*Co-Lead Counsel for Lead Plaintiff and the Proposed Settlement Class*