UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE THE BEAR STEARNS COMPANIES, INC. SECURITIES, DERIVATIVE, AND ERISA LITIGATION <br><br> This Document Relates To: <br><br> Securities Action, 08 Civ. 2793 (RWS) | Master File No.: <br> 08 MDL No. 1963 (RWS) <br><br> [PROPOSED] FINAL ORDER AND JUDGMENT AS TO THE BEAR STEARNS DEFENDANTS |



WHEREAS:

A.   As of June 5, 2012, The State of Michigan Retirement Systems ("Lead Plaintiff"), on behalf of itself and the Settlement Class, and The Bear Stearns Companies, Inc. ("Bear Stearns" or the "Company"), James E. Cayne, Alan D. Schwartz, Warren J. Spector, Alan C. Greenberg, Samuel L. Molinaro Jr., Michael Alix, and Jeffrey M. Farber (collectively, "Settling Defendants" or "Bear Stearns Defendants") entered into a Stipulation and Agreement of Settlement with the Bear Stearns Defendants, as amended on September 7, 2012, (the "Stipulation") in the above-titled litigation (the "Action").

B.   Pursuant to the Order Granting Preliminary Approval of Partial Class Action Settlement with Bear Stearns Defendants, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered June 13, 2012 (the "Preliminary Approval Order"), the Court scheduled a hearing for September 19, 2012, at noon (the "Settlement Hearing") to, among other things: (i) determine whether the proposed partial Settlement of the Action on the terms and conditions provided for in the Stipulation is fair,



reasonable and adequate, and should be approved by the Court; and (ii) determine whether a judgment as provided for in the Stipulation should be entered.

  C. The Court ordered that the Notice of Pendency of Class Action and Proposed Settlements with the Bear Stearns Defendants and Deloitte and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action and Proposed Settlements with the Bear Stearns Defendants and Deloitte and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.

  D. The Notice and the Summary Notice advised Settlement Class Members of the date, time, place and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Settling Parties such that they were received by August 29, 2012.

  E. The provisions of the Preliminary Approval Order as to notice were complied with.

  F. On August 15, 2012, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this

Court on September 19, 2012, at which time all interested Persons were afforded the opportunity to be heard.

G.  This Court has duly considered Lead Plaintiff's motion, the affidavits, declarations and memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.  This Judgment incorporates and makes a part hereof: (a) the Stipulation, as amended, originally filed with the Court on June 7, 2012; and (b) the Notice, which was filed with the Court on August 15, 2012. Capitalized terms not defined in this Judgment are as defined in the Stipulation.

2.  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.  The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for the purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all Persons who, during the period from December 14, 2006 to and through March 14, 2008, inclusive, (the "Class Period") purchased or otherwise acquired the publicly traded common stock or other equity securities, or call options of or guaranteed by Bear Stearns, or sold Bear Stearns put options, either in the open market or pursuant or traceable to a registration statement, and were damaged thereby. The Settlement Class also includes all persons who received Bear Stearns Capital Accumulation Plan ("CAP") Units and Restricted Stock Units that had fully vested, entitling them to an equivalent number of shares of Bear Stearns common stock upon settlement at the end of a deferral period,

3

during the Class Period, as part of their compensation as an employee with Bear Stearns and participation in its CAP and Restricted Stock Unit Plan. Excluded from the Settlement Class are: the Defendants; the officers and directors of Bear Stearns; the members of the immediate families of the Individual Defendants; any firm, trust, partnership, corporation, or entity in which any Defendant has a controlling interest; and the legal representatives, heirs, successors-in-interest or assigns of any such excluded Person. Also excluded from the Settlement Class are those putative Settlement Class Members who properly excluded themselves by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice, *see* Exhibit A annexed hereto.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiff The State of Michigan Retirement Systems as Class Representative for the Settlement Class; and finally appoints Labaton Sucharow LLP and Berman DeValerio as Class Counsel for the Settlement Class.

5. The notification provided for and given to the Settlement Class (i) was in compliance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Co-Lead Counsel's request for an award of attorney's fees and reimbursement of litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object to the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's request for an award of attorney's fees and reimbursement of litigation expenses, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to

all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and all other applicable law and rules.

6. The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.

7. In light of the benefits to the Settlement Class, the complexity, expense and possible duration of further litigation against the Settling Defendants, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects fair, reasonable and adequate, and in the best interests of Lead Plaintiff, the Settlement Class, and the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiff, the Settlement Class and the Settling Defendants. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Consolidated Class Action Complaint for Violations of the Federal Securities Laws, filed February 27, 2009, is hereby dismissed in its entirety as to the Settling Defendants, with prejudice, and without costs to any Settling Party, except as otherwise provided in the Stipulation.

9.      The Court further finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.     Upon the Effective Date, Lead Plaintiff and each and every other Settlement Class Member, on behalf of themselves and each of their respective agents, representatives, heirs, executors, trustees, administrators, predecessors, successors and assigns, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Claims as against each and every one of the Released Defendant Parties and shall forever be BARRED, ENJOINED AND RESTRAINED from commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Released Defendant Parties.

11.     Upon the Effective Date, the Settling Defendants, on behalf of themselves and each of their respective agents, representatives, heirs, executors, trustees, administrators, predecessors, successors and assigns, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Defendants' Claims as against each and every one of the Released Plaintiff Parties and shall forever be BARRED, ENJOINED AND RESTRAINED from commencing, instituting, prosecuting or maintaining any of the Released Defendants' Claims against any of the Released Plaintiff Parties.

12.     Pursuant to the PSLRA, upon the Effective Date, the Settling Defendants are discharged from all claims for contribution that have been or may hereafter be brought by or on behalf of any Person, based upon, relating to, or arising out of the Action.  Upon the Effective Date, any and all Persons are permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting or asserting any and all claims for contribution based upon, relating to,

or arising out of the Action, whether arising under state, federal or common law, as claims, cross-claims, counterclaims, or third-party claims, in this Action or as a separate action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other forum (collectively, the "Barred Contribution Claims") against the Settling Defendants; and the Settling Defendants are permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting or asserting any and all Barred Contribution Claims against any Person, other than a Person whose liability to the Settlement Class has been extinguished pursuant to the Settlement and this Judgment. For the avoidance of doubt, Barred Contribution Claims do not include claims in the ERISA Action and the Derivative Action.

13.     Any final verdict or judgment obtained by or on behalf of Lead Plaintiff, the Settlement Class or any Settlement Class Member shall be reduced as provided by the PSLRA.

14.     Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

15.     This Judgment and the Stipulation, whether or not consummated, and any discussions, negotiations, proceedings or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Settling Defendants, Lead Plaintiff, or Settlement Class Members for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of the Settling Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by the Settling Defendants with respect to the truth of

7

any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of the Settling Defendants or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of the Settling Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Settling Defendants, or against or to the prejudice of Lead Plaintiff or any other members of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of the Settling Defendants or against Lead Plaintiff or any other members of the Settlement Class, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Settling Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement;

(d) do not constitute, and shall not be construed against the Settling Defendants, Lead Plaintiff, or any other members of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff or any other members of the

Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. The Settling Parties are hereby directed to consummate the Stipulation and to perform its terms.

20. A separate order shall be entered regarding Co-Lead Counsel's application for attorneys' fees and reimbursement of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

21. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv)

hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; (v) all Settling Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: 11-28, 2012

_____
Honorable Robert W. Sweet
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

Valid Exclusions

|   | Reference Number | Name |
|---|---|---|
| 1 | 1033249 | KEVIN T ROBIK |
| 2 | 1034402 | VIVINE H. WANG |
| 3 | 525 | JAMES M CROWE AND VALERIE J CROWE |
| 4 | 1035472 | BRUCE S. SHERMAN |
| 5 | 630 | SRM Global Fund |
| 6 | 1035554 | VALLEY FINANCIAL GROUP, LLLP |
| 7 | 1035553 | BGC II, LP |
| 8 | 609 | CE DIVERSIFIED FINANCIAL LLLP |
| 9 | 610 | COLLIER FAMILY OFFICE, INC. 401 (K) PLAN |
| 10 | 1035162 | C H MOTORCARS LLC 401 (K) PLAN |
| 11 | 1035548 | COLLIER FOUNDATION, INC. |
| 12 | 1035551 | COLLIER ASSET GROUP, L.P. |
| 13 | 1035549 | INGLIS U. COLLIER IRREVOCABLE TRUST II |
| 14 | 1035154 | LAURA ISABEL UPPERCU COLLIER TRUST |
| 15 | 613 | MILES C. COLLIER REV. TRUST U/A DTD 04/26/2002 |
| 16 | 1035552 | THERESA A. COLLIER REV. TRUST U/A DTD 5/20/98 |
| 17 | 620 | MCCEC, L.P. |
| 18 | 1035555 | MCC FINANCIAL GROUP, L.P. |
| 19 | 621 | MILES C. COLLIER GRANTOR RETAINED ANNUITY TRUST DTD. 12/14/00 |
| 20 | 1035355 | MCC-PCM, INC. |
| 21 | 622 | MCC-PCM, INC. #2 |
| 22 | 623 | PJC FINANCIAL GROUP, L.P. |
| 23 | 624 | MILL PARK FOUNDATION, INC. |
| 24 | 625 | ISABEL COLLIER READ IRREVOCABLE TRUST DTD. 12/29/81, AS AMENDED |
| 25 | 626 | ISABEL COLLIER READ CHARITABLE REMAINDER ANNUITY TRUST |
| 26 | 627 | COLLIER ASSET GROUP 2007 TRUST |
| 27 | 604 | COLLIER ENTERPRISES MANAGEMENT 401K PROFIT SHARING PLAN |
| 28 | 611 | WILLIAM A. READ, JR. TRUST |
| 29 | 612 | BARRON GORDON COLLIER V TRUST |
| 30 | 614 | BARRON G COLLIER, II REVOCABLE TRUST |
| 31 | 615 | CHARLOTTE WILK COLLIER MINORITY TRUST U/A DTD 8/10/95 |
| 32 | 1035550 | PARKER J COLLIER REV TRUST U/A DTD 12/19/97 |
| 33 | 616 | MPC-AJP, LLLP |
| 34 | 617 | MPC-PPW, LLLP |
| 35 | 1035245 | THE EQUESTRIAN CENTER AT HORSE CREEK, LLC 401K PLAN |
| 36 | 618 | AUBURN FOUNDATION, INC. |
| 37 | 619 | WYOMING PHILANTHROPIC TRUST, INC. |

| | | |
|---|---|---|
| 38 | 629 | VINCE PHAM |
| 39 | 633 | ARTURO WILLIAMS |
| 40 | 632 | JOHN FLEMMING |
| 41 | 670 | KATHLEEN BRADLEY |
| 42 | 642 | ADNAN HALAWI |
| 43 | 640 | BARRY HICKSON |
| 44 | 643 | CLIFF CHANG |
| 45 | 648 | ALLEN AHKIEN SHE |
| 46 | 653 | CHI TIU |
| 47 | 676 | ANTHONY YU |
| 48 | 682 | ANDREW TANG |
| 49 | 649 | DANH VUU |
| 50 | 672 | DOUG BRADLEY |
| 51 | 646 | DURGA SURESH BODEPUDI |
| 52 | 658 | ESTHER SAROT |
| 53 | 664 | AARON SAROT |
| 54 | 647 | FRANK BARRONE |
| 55 | 652 | FRED YOUDEN |
| 56 | 644 | GEORGE CUSUMANO |
| 57 | 689 | DAN PACUT |
| 58 | 650 | GERALD CAPLES |
| 59 | 668 | BLOCK INVESTMENTS CORPORATION |
| 60 | 678 | CARL FISCHER |
| 61 | 673 | DAMIAN KONDROTAS |
| 62 | 690 | EVA LOPEZ |
| 63 | 671 | HUA ZHU |
| 64 | 704 | CHRIS BAXTER |
| 65 | 692 | ALFRED GAFFNEY |
| 66 | 701 | DANIEL HAIGNEY |
| 67 | 691 | DANIEL YANUZZI |
| 68 | 705 | CHARLES KRAJEWSKI, III |
| 69 | 684 | FRANK KIM |
| 70 | 707 | DEBABRATA GHOSH |
| 71 | 693 | FEIJUN WANG |
| 72 | 697 | HARISH PATEL |
| 73 | 674 | IGOR VOLN |
| 74 | 681 | IVAN VEGA |
| 75 | 706 | JAMES GIBB |
| 76 | 657 | JOSEPH BLEJEC |
| 77 | 677 | KENDRICK TSE |
| 78 | 688 | LETICIA GAFFNEY |

| | | |
|---|---|---|
| 79 | 651 | LINDA YOUDEN |
| 80 | 635 | MAREK SZAJBLER |
| 81 | 669 | MICHAEL HANSEN |
| 82 | 667 | MICHAEL OBERTINI |
| 83 | 698 | MIKE O'GORMAN |
| 84 | 639 | MITCHELL JAMEL |
| 85 | 666 | NALLAIYA DURAISWAMY |
| 86 | 675 | NANCY MAZZERLE |
| 87 | 687 | NEIL BOLAND |
| 88 | 656 | NIMIT SAVANI |
| 89 | 696 | PATHIK SHAH |
| 90 | 634 | PATRICIA FLESSER |
| 91 | 654 | PATRICIA SZYMANSKI |
| 92 | 700 | PAUL HANLON |
| 93 | 702 | PHILLIP FRIEDLAND |
| 94 | 637 | PHONG NGUYEN |
| 95 | 699 | QUANG NGUYEN |
| 96 | 645 | RENE CALDERON |
| 97 | 685 | REZA PEZESHKI |
| 98 | 679 | RICHARD KARP |
| 99 | 638 | ROBERT D'ANDREA |
| 100 | 703 | ROSA KRAJEWSKI |
| 101 | 686 | SCOTT HENDERSON |
| 102 | 660 | SENTHIL K SOWRIRNJAN |
| 103 | 636 | STEPHEN FLESSER |
| 104 | 655 | STEPHEN SZYMANSKI |
| 105 | 661 | THOMAS RITTER |
| 106 | 680 | TRI K TRAN |
| 107 | 641 | TRUDY CORBETT |
| 108 | 683 | VINCE RODRIGUEZ |
| 109 | 695 | WILLIAM HARPER |
| 110 | 665 | YURI LANTSBERG |
| 111 | 659 | ZIA SYED |