

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE THE BEAR STEARNS            )    MASTER FILE No.
COMPANIES, INC. SECURITIES,       )    08 M.D.L. 1963 (RWS)
DERIVATIVE, AND ERISA LITIGATION  )
                                  )    [PROPOSED] CORRECTED ORDER
                                  )    APPROVING ADMINISTRATIVE
This Document Relates to:         )    DETERMINATIONS AND DIRECTING
                                  )    PAYMENT OF NET SETTLEMENT
Securities Action, 08 Civ. 2793 (RWS)  )    FUNDS

**WHEREAS:**

A.     Lead Plaintiff The State of Michigan Retirement Systems ("Lead Plaintiff"),

acting on behalf of itself and the Settlement Class, entered into a Stipulation and Agreement of

Settlement with the Bear Stearns Defendants dated as of June 5, 2012, as amended (the "Bear

Stearns Stipulation"). Pursuant to the Bear Stearns Stipulation, the Bear Stearns Defendants

agreed to pay $275 million to settle the claims against them in the above-captioned securities

class action ("Action").

B.     Lead Plaintiff, acting on behalf of itself and the Settlement Class, entered into a

Stipulation and Agreement of Settlement with Deloitte & Touche LLP dated as of June 11, 2012,

as amended (the "Deloitte Stipulation") (together with the Bear Stearns Stipulation, the

"Stipulations"). Pursuant to the Deloitte Stipulation, Deloitte & Touche LLP agreed to pay $19.9

million to settle the claims against it in this Action.

C.     By Orders and Final Judgments dated November 29, 2012, the Court approved the

Settlements and the proposed Plan of Allocation for the net settlement proceeds ("Net Settlement

Funds"). The Settlements are now effective.

D.     Lead Plaintiff, by motion filed on July 11, 2013, and on notice to counsel for the

Settling Defendants, moved this Court for an order approving the Court-appointed Claims

Administrator's administrative determinations and directing payment of the Net Settlement

Funds according to the proposed Distribution Plan for the Net Settlement Funds.

E.      The Court has duly considered Lead Plaintiff's motion, the Declaration of Jason Zuena in Support of Lead Plaintiff's Motion for a Distribution Order Approving Administrative Determinations and Directing Payment of Net Settlement Funds ("Zuena Declaration") with annexed exhibits, the memorandum of law submitted in support thereof, and all of the submissions and arguments presented.

**NOW, THEREFORE, after due deliberation, IT IS HEREBY ORDERED as follows:**

1.      This Order incorporates by reference the definitions in the Stipulations, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulations.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members and the Claims Administrator.

3.      The administrative recommendations of The Garden City Group, Inc. ("GCG"), the Court-appointed Claims Administrator, to accept the Proof of Claim and Release forms ("Proofs of Claim"), as set forth in Exhibits B-1 and B-2 to the Zuena Declaration, are hereby APPROVED.

4.      Wholly rejected or otherwise ineligible Proofs of Claim, as set forth in Exhibit B-3 to the Zuena Declaration, are hereby REJECTED.

5.      Late but otherwise eligible claims filed after the claims filing deadline of October 25, 2012 but on or before June 15, 2013, as set forth in Exhibit B-2 to the Zuena Declaration, are hereby ACCEPTED and deemed eligible for payment from the Net Settlement Funds. Any Proofs of Claim received after June 15, 2013, however, are NOT eligible for payment from the Net Settlement Funds and are hereby REJECTED.

6.      The Distribution of the Net Settlement Funds to Authorized Claimants, set forth in Exhibits B-1 and B-2, is hereby AUTHORIZED and shall be conducted in accordance with the Distribution Plan for Payment of the Net Settlement Funds, set forth in paragraph 48 of the Zuena Declaration, which is hereby APPROVED.

7.      Rather than delay distribution to the Authorized Claimants until the Claims-in-Process and Disputed Claims, as set forth in the Zuena Declaration, are fully resolved, any

distribution to claimants with Claims-in-Process and Disputed Claims, to the extent they ultimately are determined to be eligible to participate in the Settlements, shall await what is defined in the Distribution Plan for Payment of the Net Settlement Funds as the "Reserve Distribution."

8.    A payment from the Settlement Funds in the amount of $961,230.78 to pay the outstanding fees and expenses of GCG incurred in connection with the administration of the Settlements and its fees and expenses to be incurred in connection with the Distribution, as defined in paragraph 48 of the Zuena Declaration, is hereby APPROVED.

9.    In order to encourage Authorized Claimants to cash their distribution checks promptly, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks shall bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]".

10.    Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlements, and the funds allocated to all such stale-dated checks will be available for redistribution to other Authorized Claimants who cashed their distribution checks, according to the Distribution Plan for Payment of the Net Settlement Funds set forth in paragraph 48 of the Zuena Declaration.

11.    The Court retains jurisdiction to consider any further applications concerning the administration of the Settlements, and such other and further relief as this Court deems appropriate.

SO ORDERED:

Dated: New York, New York

_____9 - 1 8_____, 2013

_____
Honorable Robert W. Sweet
UNITED STATES DISTRICT JUDGE

- 3 -