UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BEAR STEARNS COMPANIES, INC. SECURITIES, DERIVATIVE, AND ERISA LITIGATION<br><br>This Document Relates To:<br>    Securities Action, 08 Civ. 2793 (RWS) | Master File No.:<br><br>08 M.D.L. No. 1963 (RWS) |
| VIVINE H. WANG,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE BEAR STEARNS COMPANIES LLC; J.P. MORGAN SECURITIES LLC; J.P. MORGAN CLEARING CORP; DELOITTE & TOUCHE LLP; ALAN D. SCHWARTZ; ALAN C. GREENBERG; JOEY ZHOU; and GARRETT BLAND,<br><br>                    Defendants. | No. 11 Civ. 5643 (RWS) |

**DEFENDANT DELOITTE & TOUCHE LLP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SANCTIONS BASED ON ROGER WANG'S FAILURE TO APPEAR FOR DEPOSITION**

            Thomas G. Rafferty
            Antony L. Ryan
            Rachel G. Skaistis
                CRAVATH, SWAINE & MOORE LLP
                    Worldwide Plaza
                    825 Eighth Avenue
                    New York, NY 10019
                      (212) 474-1000
                        trafferty@cravath.com
                        aryan@cravath.com
                        rskaistis@cravath.com

        *Attorneys for Defendant Deloitte & Touche LLP*

**Table of Contents**

Page

Table of Authorities ................................................................................................................. ii

Preliminary Statement ...............................................................................................................1

Statement of Facts .....................................................................................................................2

Argument ...................................................................................................................................2

I.   DISMISSAL OF PLAINTIFF'S COMPLAINT IS WARRANTED. .................................2

II.  DELOITTE IS ENTITLED TO ATTORNEYS' FEES AND COSTS. ..............................5

Conclusion .................................................................................................................................6

## Table of Authorities

Page(s)

**Cases**

*A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, Nos. 96-CV-9721, 98-CV-0123, 2002
WL 54610 (S.D.N.Y. Jan. 15, 2002) ...............................................................................5

*Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298 (2d Cir. 2009)...................................................2

*Brofman v. Cybersettle Holdings, Inc.*, No. 11-CV-3528, 2012 WL 4108115
(S.D.N.Y. Sept. 18, 2012)................................................................................................4

*Cobalt Multifamily Investors I, LLC v. Shapiro*, 857 F. Supp. 2d 419 (S.D.N.Y. 2012) .................5

*Flaks v. Koegel*, 504 F.2d 702 (2d Cir. 1974)..................................................................................2

*King v. Pine Plains Cent. Sch. Dist.*, 918 F. Supp. 772 (S.D.N.Y. 1996) .......................................5

*S. New Engl. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123 (2d Cir. 2010) .......................................2

*SEC v. Razmilovic*, 738 F.3d 14 (2d Cir. 2013)...............................................................................2

**Statutes & Rules**

Fed. R. Civ. P. 37.............................................................................................................................2

Fed. R. Civ. P. 37(b)(2)(A)(v) .........................................................................................................2

Fed. R. Civ. P. 37(d) ...................................................................................................................1, 2

Fed. R. Civ. P. 37(d)(1)(A)(i) .........................................................................................................2

Fed. R. Civ. P. 37(d)(3)...................................................................................................................2

Pursuant to Federal Rule of Civil Procedure 37(d), Deloitte & Touche LLP ("Deloitte") respectfully submits this Memorandum of Law in Support of its Motion for Sanctions Based on Roger Wang's Failure to Appear for Deposition.

**Preliminary Statement**

This Court has already been called upon to enter two Orders relating to the deposition of Roger Wang, the husband of Plaintiff Vivine Wang. After Mr. Wang tried to evade service of a deposition subpoena, the Court entered an Order on November 26, 2014, permitting service on Plaintiff's counsel, Mohammed Ghods (ECF No. 102), and a second order on December 15, 2014, permitting Defendants to take Mr. Wang's deposition after the close of fact discovery (ECF No. 121). Mr. Wang's deposition was noticed for January 13, 2015, for Los Angeles, near the witness's home in Beverly Hills, and Defendants' counsel traveled cross-country for the deposition. Nevertheless, despite the Court Orders and numerous attempts to confirm the deposition date with Mr. Ghods, Mr. Wang failed to appear for his deposition.

The testimony of Roger Wang is of central importance to this case. Mr. Wang is essential to Plaintiff's claims, as she contends that he was the one who decided to make the purchases of Bear Stearns stock at issue in this case. Mr. Wang is also a necessary witness for Defendants to be able to present their case. Indeed, the first four defenses pleaded by Defendant Deloitte in this case each hinge on Mr. Wang's role in the stock purchases at issue and his subsequent lawsuit concerning those same transactions. Deloitte was thus frustrated when, after months of diligent efforts to depose Mr. Wang, he failed to appear at his scheduled deposition. Without Mr. Wang's testimony, Deloitte is substantially prejudiced in defending itself.

Under these circumstances, dismissal is the appropriate sanction.

**Statement of Facts**

Deloitte adopts the statement of facts in pages 3 to 11 of the Bear Stearns Defendants' Memorandum of Law in support of their Motion for Sanctions Based on Roger Wang's Failure to Appear For Deposition ("Bear Stearns' Brief"), filed today.

**Argument**

I.  **DISMISSAL OF PLAINTIFF'S COMPLAINT IS WARRANTED**.

Deloitte joins in Parts I and II of Bear Stearns' Brief. Federal Rule of Civil Procedure 37(d) authorizes sanctions if, after being served with proper notice, "a party or a party's officer, director, or managing agent" fails to appear for that person's deposition. Fed. R. Civ. P. 37(d)(1)(A)(i); *see Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). The range of sanctions available includes those listed in Rule 37(b)(2)(A)(i) to (vi). Fed. R. Civ. P. 37(d)(3). Rule 37 expressly provides that dismissal of the action is appropriate, *see* Fed. R. Civ. P. 37(b)(2)(A)(v), so long as "the district judge has considered lesser alternatives". *SEC v. Razmilovic*, 738 F.3d 14, 24 (2d Cir. 2013) (internal quotation marks omitted). In evaluating lesser alternatives, the Second Circuit has advised that the district court should consider, among other things, the willfulness of the noncompliant party or the reason for noncompliance, and what the effectiveness of lesser alternative sanctions would be. *See S. New Engl. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010); *Agiwal*, 555 F.3d at 302.

In this case, Mr. and Mrs. Wang are alter egos with a "virtual identity of interest" with respect to the purchases of Bear Stearns stock at issue in this case, such that Mrs. Wang may be sanctioned for Mr. Wang's failure to appear. *See Flaks v. Koegel*, 504 F.2d 702, 710 n.6 (2d Cir. 1974). Mrs. Wang alleges in her Complaint in this action that she and her husband are both "beneficial owners" of the securities in question. (Sukiennik Decl. Ex. 1 ("Compl."), at

¶ 32.)[1]  At deposition, she testified that her husband made the investment decision, and she simply followed his direction.  (*See id.* Ex. 2, at 43:3-10; 46:17-19; 47:24-48:8; 94:21-25.)  Moreover, Mr. Wang is on record, in a separate complaint (which has never been withdrawn), filed by the same law firm, alleging that he, and not his wife, is "the owner" of the securities in question.  (*Id.* Ex. 3, at ¶ 71.)  Deloitte does not know whether Mr. Wang in fact owned the securities at issue (in which case Mrs. Wang lacks standing to bring this claim), or whether the Wangs and their counsel filed a false and vexatious duplicative lawsuit in Mr. Wang's name in an effort to avoid the contractual jurisdiction of a FINRA arbitration panel (in which case Mrs. Wang is barred by *in pari delicto* and unclean hands).  In either case, the allegations in the two complaints are inconsistent, and Deloitte is entitled to learn the factual basis for Mr. Wang's allegations.

The record in this case demonstrates that Mr. and Mrs. Wang, and their counsel, have acted in bad faith.  To this date, they still have provided no explanation for Mr. Wang's failure to appear for deposition.  On information and belief, as shown by the Wangs' daughter Dorothy's public postings on Twitter and Instagram, Mr. Wang was in the Los Angeles area, and attended the Golden Globe Awards show in Beverly Hills with her on the evening of January 11, 2015, two days before the deposition was scheduled to occur.  (Sukiennik Decl. Ex. 4.)

The record in this case also demonstrates that lesser alternatives to dismissal of Plaintiff's claim would be insufficient as sanctions for the conduct here.  Monetary sanctions would have no little or no effect on the Wangs given their wealth.  As set forth in the Bear Stearns Brief, a FINRA arbitration panel previously sanctioned the Wangs (again, represented by

---

[1] "Sukiennik Decl." refers to the accompanying Declaration of Brittany L. Sukiennik in Support of Defendant Deloitte & Touche LLP's Motion for Sanctions Based on Roger Wang's Failure to Appear for Deposition, dated January 29, 2015.

Mr. Ghods) for discovery violations in an arbitration relating to the very same stock purchases at issue in this action. The arbitrators' sanctions plainly had no impact on Ms. Wang, who at deposition in this action testified that she was unaware of the sanctions or the finding of a discovery violation. (Sukiennik Decl. Ex. 2, at 159:6-160:14.)

Another potential lesser alternative sanction, precluding Mr. Wang from testifying in this action, is surely warranted given the conduct of the Wangs and their counsel, but such a sanction would not alleviate all of the harm to Deloitte because it would reward the Wangs and their counsel for their disregard of their discovery obligations by allowing Mr. Wang to avoid having his conduct and actions explored through discovery and introduced as evidence. Indeed, such a sanction would have the perverse effect of benefiting Plaintiff at the expense of Defendant Deloitte, which has specifically pleaded defenses for which Deloitte requires Mr. Wang's testimony.

The first four defenses pleaded in Deloitte's Answer directly implicate Mr. Wang and his involvement in the stock transactions and the ensuing litigation. (*See* No. 11-CV-5643-RWS, ECF No. 74, at 21-23 ("Deloitte Answer").) For each of these four defenses, Deloitte made factual allegations that identify Mr. Wang by name. Specifically, Deloitte asserts that it has a defense to Plaintiff's complaint: (1) for lack of standing because Mr. Wang placed the orders for the shares in question; (2) because Mr. Wang brought a separate action concerning the shares in question and released all claims relating to those shares, and Plaintiff is bound by Mr. Wang's release; (3) for failure to join Mr. Wang as a necessary party; and (4) because Plaintiff is barred by the doctrine of *in pari delicto* or unclean hands given her and Mr. Wang's inconsistent statements regarding ownership of the shares in question. (*See id.*) For three of these defenses, Deloitte bears the burden of proof. *See Brofman v. Cybersettle Holdings, Inc.*, No. 11-CV-3528,

2012 WL 4108115, at *4 (S.D.N.Y. Sept. 18, 2012) (release); *Cobalt Multifamily Investors I, LLC v. Shapiro*, 857 F. Supp. 2d 419, 429 n.5 (S.D.N.Y. 2012) (*in pari delicto*); *King v. Pine Plains Cent. Sch. Dist.*, 918 F. Supp. 772, 782 (S.D.N.Y. 1996) (failure to join necessary party).

Without the ability to examine Mr. Wang, Deloitte's ability to establish all of the facts relevant to those defenses would be greatly and unfairly impaired by Mr. Wang's deliberate failure to appear for deposition. Indeed, when asked basic questions about Mr. Wang's lawsuit concerning the identical stock transactions and the reasons behind the Wangs' decision to bring separate actions, Mrs. Wang professed to be unable to answer. (*See, e.g.*, Sukiennik Decl. Ex. 2 at 164:22-165:5; 170:21-171:2). Thus, should this case proceed without the ability for Deloitte to examine Mr. Wang, Deloitte would be substantially prejudiced in defending itself against Plaintiff's claim. This Court should not countenance Mr. Wang's efforts to save his wife's claims by improperly evading his deposition. *See A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 2002 WL 54610, at *6-10 (S.D.N.Y. Jan. 15, 2002) (striking defendant's answer, resulting in default, where lesser sanctions were found ineffective).

Accordingly, dismissal of Plaintiff's complaint is the appropriate remedy.

II. **DELOITTE IS ENTITLED TO ATTORNEYS' FEES AND COSTS**.

Deloitte joins in Part III of Bear Stearns' brief. As a result of the Wangs' misconduct, Deloitte has incurred approximately $15,000 in attorneys' fees and costs. These fees and costs include, among other things, preparing for Mr. Wang's deposition; traveling to Los Angeles for the deposition he did not attend; and preparing the instant motion for sanctions. If this Court grants this motion for sanctions, Deloitte will submit forthwith contemporaneous time records and other documentation detailing its requested attorneys' fees and costs.

**Conclusion**

For the foregoing reasons, this Court should grant Deloitte's motion for sanctions, dismiss the complaint with prejudice and order Plaintiff to pay Deloitte's attorneys' fees and costs.

January 29, 2015

                                  CRAVATH, SWAINE & MOORE LLP,

                                  by
                                     /s/ Antony L. Ryan
                                        Thomas G. Rafferty
                                        Antony L. Ryan
                                        Rachel G. Skaistis

                                      Worldwide Plaza
                                      825 Eighth Avenue
                                     New York, NY 10019
                                         (212) 474-1000
                                                 trafferty@cravath.com
                                                 aryan@cravath.com
                                                 rskaistis@cravath.com

                              *Attorneys for Defendant Deloitte & Touche LLP*